ALCYON D. WARREN v. CLARK R. CRANE.

*Waiver by pleading to the merits.*

Waiver is voluntary and implies an election to dispense with something of value, or forego some advantage which the party waiving it might at his option have demanded or insisted upon.

Pleading to the merits does not waive the defects in an affidavit for the arrest of the defendant, if he has already moved to quash the proceedings and the motion has been denied.

A defendant arrested in proceedings for malicious trespass is constructively in custody so long as it is at the officer's option to confine him.

Error to Shiawassee. (Newton, J.) April 5.—April 11.

TRESPASS. Defendant brings error. Reversed.

*Hugh McCurdy* for appellant.

*McBride & Miner* for appellee. Pleading to the merits brings defendant before the court whether lawfully served with process or not, and he cannot afterwards object to the manner in which he was brought in: *Hart v. Blake* 31 Mich. 278; *Crane v. Hardy* 1 Mich. 56; *Pardee v. Smith* 27 Mich. 38; *Lane v. Leech* 44 Mich. 163; *Falkner v. Beers* 2 Doug. (Mich.) 117; *Maxwell v. Deens* 46 Mich. 35.

COOLEY, J. This suit originated in justice's court, and

was begun by warrant. The affidavit on which the warrant issued is as follows :

"*State of Michigan, Shiawassee County :*

*Shiawassee County.*—Alcyon D. Warren, of said county, being duly sworn, deposes and says that he has, as he has good reason to believe, a just cause of action against Clark Crane, of said county, against whom he applies for process by warrant for maliciously, wantonly and willfully going upon the land of this deponent and cutting down and carrying off one oak tree, the property of this deponent, and converting the same to his own use; of the value of $25. And further deponent saith not. A. D. WARREN.

Sworn to and subscribed before me, this 7th day of January, 1883

CHARLES HOLMAN,
Justice of the Peace."

On being brought before the justice the defendant moved to quash the proceedings for defects in the affidavit, but the motion was overruled. He then asked and obtained time to plead, and on a subsequent day pleaded to the merits, and a trial was had resulting in a judgment for the plaintiff. This judgment was removed to the circuit court by special appeal, and there affirmed. The principal error relied upon in the appeal was the denial of the motion to quash. The case is now brought to this Court by writ of error.

No attempt is made in this Court to support the affidavit; but it is contended that the defects in it became immaterial, and all right to take advantage of them was waived when the defendant pleaded to the merits. We do not think so. Waiver is a voluntary act, and implies an election by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded or insisted upon. But that action is in no sense voluntary which a party cannot decline to take except at the peril of liberty or property, as was the case here. The defendant made his objection and was overruled : if he persisted in it afterwards he would have stood undefended in the case, and might have been kept in confinement until judgment. It would be unreasonable to compel a party to submit to this

as the condition on which he should be allowed to question the unlawful arrest. *Brown v. Kelley* 20 Mich. 27 is directly in point. And see *Matter of Stephenson* 32 Mich. 60. It is mentioned as a fact which distinguishes this case, that in this the defendant was not detained in custody during the time given him for pleading. The record does not show what was the fact in this regard, nor is it material. The defendant was constructively in custody all the time, and might at the option of the officer have been actually confined.

The judgment is erroneous and must be set aside, with costs of all the courts.

The other Justices concurred.