INDEPENDENT TRANSP. CO. v. CANTON INS. OFFICE, Limited.

(District Court, W. D. Washington, N. D. October 16, 1909.)

No. 3,849.

1. INSURANCE (§ 645*)—MARINE INSURANCE—ACTION ON POLICY—PLEADING.
    In an action on marine insurance policies, a breach of any of the warranties made therein by the insured is matter of defense, to be pleaded and proved by respondent.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 645.*]

2. INSURANCE (§ 272*)—MARINE INSURANCE—CONSTRUCTION OF WARRANTY.
    A provision in a marine insurance policy reading, "Vessel warranted employed in the general passenger and freighting business on Puget Sound," relates to present and not future employment; and the fact that the vessel was out of commission at the particular time of a loss is not a breach of such warranty, which will defeat a recovery on the policy.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 272.*]

3. INSURANCE (§ 470*)—MARINE INSURANCE—NOTICE OF ABANDONMENT.
    Notice of abandonment of a vessel to the insurers, reciting the acts done by the owners in raising the vessel after she sank and that they considered her a constructive total loss, specifies a valid ground for abandonment.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1214; Dec. Dig. § 470.*]

4. INSURANCE (§ 470*)—MARINE INSURANCE—ABANDONMENT—WAIVER.
    The unexcused failure of the owners of a vessel to give notice of abandonment to the insurers until four months after she sank, and two months after she had been raised and cleaned and in condition for a survey, was a waiver of the right to abandon for a constructive total loss.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1218; Dec. Dig. § 470.*]

5. WORDS AND PHRASES—"EMPLOYED."
    The word "employed" is a verb of past or present tense, and cannot be accurately used potentially to indicate future action, unless qualified by additional words.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Suit by the Independent Transportation Company against the Canton Insurance Office, Limited. On exceptions to amended libel. Sustained in part.

Ira A. Campbell, for libelant.

William H. Gorham, for respondent.

HANFORD, District Judge. These several suits are founded upon policies insuring the steamer Vashon. The policies were issued at Seattle. They contain the usual restrictions in the San Francisco form of marine policies, and the following special warranty clause:

"Vessel warranted employed in the general passenger and freighting business on Puget Sound, within a radius of 30 miles from Seattle. Warranted no lime under deck."

The first exception is on the ground of alleged insufficiency of the libels in the failure to allege compliance on the part of the insured with the requirements of express warranties in the policies; the contention being that the libelant should assume the burden of alleging and proving that there was no breach of the warranties. This is contrary to the fundamental principle that courts do not presume that a contract has been broken, nor require a litigant to prove a negative. Therefore, notwithstanding the authorities, the court holds that a breach of warranty should be pleaded as a special defense in order to present that issue in the best form for adjudication. The first exception is overruled.

The respondents have introduced, and made part of the record in the case, the notice of abandonment of the vessel and proof of loss, whereby it appears that the Vashon, at the time of the disaster which occasioned the loss, was out of commission and moored in the Duwamish river; and it is contended that, as she was not then employed in the general passenger and freighting business on Puget Sound, there was a breach of the special warranty, which avoided liability under the terms of the policies. The respondents contend for the principle that insurers are entitled to insist upon strict and literal compliance with special warranties, and deny the right of the libelant to introduce parol evidence to explain or vary the terms of the warranty clauses. This argument recoils, for application of a rigorous rule defeats the purpose for which it has been invoked in these cases. Unless the rules of grammar shall be disregarded, or the phraseology of the warranty changed by a somewhat liberal construction, there is no apparent breach. It is not pretended that the record shows that the Vashon was not employed in the general passenger and freighting business on Puget Sound when the policy was issued. The word "employed" is a verb of the past or present tense, and cannot be accurately used potentially to indicate future action, unless qualified by additional words not found in these warranty clauses. The argument for the respondents assumes that the warranties relate to future employment of the vessel during the life of the policies, and that the clauses should be interpreted to read: "Vessel warranted to be employed in the general passenger and freighting business on Puget Sound." The interpolation of the words "to be" would materially change the meaning of the

clause, and it is not permissible to thus interpolate, in order to change the meaning of a contract which courts are required to enforce strictly according to the terms assented to by the parties. The second exception is overruled.

The third exception is for alleged failure to allege a valid notice of abandonment on which to base the claim for a constructive total loss. The written notice which was served is criticised on the ground that it failed to specify that the vessel suffered a mishap while employed on the water of Puget Sound. For reasons stated, this ground of objection is untenable. The only other criticism of the notice is that it failed to assign a reason for abandonment of the vessel. The notice states that the vessel sank in the Duwamish river, and that, acting under the advice of Capt. Gibbs, the underwriters' surveyor:

"The owners raised her and placed her on the flats in the lower part of the city; but notwithstanding these efforts she is still badly damaged, and her owners consider her a constructive total loss."

There is no contention that these statements were untrue, and, being true, they amount to specifications of a valid reason for abandonment. The third exception is overruled.

The fourth exception is for alleged waiver of the right to abandon, by excessive delay without any valid excuse. It appears from the record that the vessel sank on the 15th of December, and the owner had notice of the happening on the 16th. The notice of abandonment was given four months thereafter, which was three months after the vessel had been raised, and two months after she had been cleaned, so as to be in condition for inspection and survey of damages. For cogent reasons, the insured party is required to act promptly in giving notice of abandonment, when it is intended to claim for a constructive total loss; and, without reasons justifying delay for the period which elapsed in this instance, the insurers have justice on their side in claiming that the right to abandon was waived. The fourth exception is sustained by the court.

If the libelant claims that there was any justifiable excuse for delay, leave will be granted to further amend the libel to show the facts.