GUS MEYERS, Respondent, v. CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

Fourth Department, June 5, 1918.

Carrier — interstate shipment of live stock — purpose of Carmack amendment — limited liability contract — provision for written notice of claim for damages — said provision cannot be waived by carrier's agent — oral notice to agent insufficient to support recovery.

The so-called Carmack amendment was designed to provide a uniform rule throughout the United States as to the liability of interstate carriers of goods, and supersedes the State legislation upon the subject.

As the limited liability live stock contract governing interstate shipments provides that the carrier shall not be liable for damages unless a verified written claim therefor be delivered to the freight claim agent of the defendant within five days from the time the stock is taken from the car, a consignee cannot recover for injury to live stock through the alleged negligence of the defendant where he admits that he did not serve the written notice required by the contract.

Moreover, the agent of the delivering carrier cannot waive said requirement of the contract as to notice, and the fact that he had oral notice of the damages claimed does not constitute a waiver by the carrier of its right to written notice.

APPEAL by the defendant, Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 21st day of February, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office of the 25th day of July, 1917, denying defendant's motion for a new trial made upon the minutes.

*Maurice C. Spratt*, for the appellant.

*August Becker* and *Elmer S. Stengel*, for the respondent.

HUBBS, J.:

This action was brought against the defendant railroad company, the initial carrier, for its negligence and that of connecting carriers in roughly and negligently handling a carload of horses shipped by the plaintiff to himself, from Warsaw, Ind.,

454   MEYERS *v.* CLEVELAND, CINCINNATI, C. & ST. L. R. R. CO.

Fourth Department, June, 1918.                    [Vol. 183.

to East Buffalo, N. Y., on December 31, 1914. The shipment was an interstate shipment upon a through bill of lading which contained a stipulation known as the " limited liability live stock contract," which provided that the carrier should not be liable for damages growing out of the shipment unless a verified, written claim for such damages be delivered to the freight claim agent of the defendant within five days from the time the stock was taken out of the car. The case was submitted to the jury, which found that the defendant was negligent, and a judgment has been entered for the amount of damages found by the jury.

The defendant, in its amended answer, set up the provision of the bill of lading above referred to, and the failure of the plaintiff to serve the written notice as provided. The plaintiff admits that he did not serve a written notice of claim stipulated for in the bill of lading. The learned trial justice held as a matter of law that the defendant had waived the service of such verified, written notice. That holding was based upon the fact that the plaintiff stated to a live stock agent of the delivering carrier that he would not receive the stock in the condition in which it was. He did, however, receive the stock. Also on the fact that the said live stock agent caused the stock to be inspected by a veterinary surgeon. Upon these facts the trial court held that the defendant " thereby waived the right to receive a verified notice of claim under this contract, * * * because they were apprised of a claimed damage to the horses and made a full investigation."

The schedules on file with the Interstate Commerce Commission provided that in order to secure the lower rate at which the interstate shipment was made, it must be made subject to the five days' notice clause. The reasonableness of that clause is not in question in this court, and could not be, as it has been approved by the Interstate Commerce Commission and held to be reasonable by the United States Supreme Court. (*Erie R. R. Co.* v. *Stone,* 244 U. S. 332.)

The principal object and effect of the Carmack amendment was to provide a uniform rule as to the liability of interstate carriers of goods and to relieve them from the confusing and differing rules theretofore applicable in actions against them, brought in the courts of different

States. (See 34 U. S. Stat. at Large, 593, 595, § 7, amdg. 24 id. 386, § 20; since amd. by 38, id. 1196, 1197, chap. 176, and 39 id. 441, 442, chap. 301.) The effect of the amendment was to supersede all legislation and decisions in the different States upon the subject and make the parties to such a contract amenable to the Federal statute, to the exclusion of all other rules of liability. The confusion and discriminations existing in rates, rules and terms of shipment prevailing before the enactment of this statute created a public sentiment which led to its enactment. The statute was passed to cure the evils which had grown up and to make rates and terms of shipment uniform and unvarying. To hold that an agent of a delivering carrier could waive by his conduct and the fact that he had oral notice of claimed damage, an important and reasonable provision of an interstate shipping bill which had been signed by both parties, would lead to confusion and nullify the very purpose of the act and result in a return of the very conditions which the law was enacted to prevent. This view is in harmony with the decisions of the United States Supreme Court, which are binding upon this court. (*Georgia, Florida & Alabama Railway* v. *Blish Co.*, 241 U. S. 190; *St. Louis, Iron Mountain & Southern R. Co.* v. *Starbird*, 243 id. 592; *Erie R. R. Co.* v. *Stone*, 244 id. 332.)

The case of *Metz Co.* v. *Boston & Maine R. R.*, 227 Mass. 307; 116 N. E. Rep. 475) reviews many United States Supreme Court cases and holds that a provision for a written notice of claim for damages contained in a bill of lading for an interstate shipment cannot be waived. The opinion says: " There are many decisions of other courts which have held that such a clause in an interstate bill of lading may be waived. In these opinions, however, the point that the form of the bill of lading was filed with the Interstate Commerce Commission in compliance with the law and in connection with the rate schedules has not been discussed. Moreover, most, if not all, of these decisions were made before the case of *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.*, 241 U. S. 190, which, as has been pointed out, is decisive the other way and which must be followed." (See, also, 10 C. J. 340.)

The judgment and order herein are reversed, with costs, and as it is conceded that no written notice of claim was

served by the plaintiff upon the defendant, the complaint herein is dismissed, with costs.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.