## THE HENRY S. GROVE.

(District Court, W. D. Washington, N. D. October 25, 1922.)

No. 7005.

1. **Shipping ⬌142—Stipulation requiring demand for damages within specified days or a reasonable time binding.**

A stipulation in a shipping bill that damages to a cargo must be asserted within 90 days or a reasonable time after they accrue is binding.

2. **Admiralty ⬌65—Failure to sue for damages within time specified in shipping bill new matter to be pleaded in answer.**

In libel to recover damages to goods during transportation by respondent's ship, the failure to bring the suit within 90 days after accrual of damages as required by the shipping bill was new matter which should have been pleaded by answer, and not by exceptive allegations, in view of Supreme Court rules Nos. 26, 27, 48 (40 Sup. Ct. xiii, xviii).

In Admiralty. Libel by the Wallace Equipment Company against the steamship Henry S. Grove, and its claimants. On exceptions to libel. Exceptions denied.

William H. Gorham, of Seattle, Wash., for claimant.
Cosgrove & Terhune, of Seattle, Wash., for libelant.

NETERER, District Judge. Libelant seeks to recover damages to consignment of merchandise shipped over respondent's ship. The bill of lading is not set out. Exceptive allegations are filed, in substance, stating that the shipping bill, which is set out, provides that suit shall be brought within 90 days after the cause for damage accrued; that the damage asserted accrued February 9, 1922, and suit was not begun until August 9th following, and that claimant should not be required to make further answer, but that the libel should be dismissed.

[1] It is the settled rule that a stipulation that damages to cargo must be asserted within 90 days or a reasonable time after they accrue is binding. The Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419; Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556; Mo., Kans. & Tex. Ry. v. Harriman, 227 U. S. 672;[1] Gooch v. Ore. S. L. Ry., decided by Supreme Court Feb. 27, 1922, 258 U. S. 22,[2] affirming the Circuit Court of this circuit. The limitation in a bill of lading is therefore valid, unless good reason is given for delay. Is the issue one that may be raised in the manner stated?

[2] Benedict, § 301, says, in substance, that any single fact which constitutes a complete bar to the action may be set up alone in an exceptive allegation, and cites The Seminole (D. C.) 42 Fed. 924. The exceptive allegation there was, however, within the court's knowledge, and was filed upon the court's suggestion. Judge Hanford in Independent Transp. Co. v. Insurance Co. (D. C.) 173 Fed. 564, disposed of, it seems to me, an analogous issue. The suit was on the insurance policy, and the exceptive allegation was that there was stated no allegation in the libel that the insured had complied with the special warranties in the policy. It was held that the presumption is that the con-

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 33 Sup. Ct. 397, 57 L. Ed. 690.  [2] 42 Sup. Ct. 192, 66 L. Ed. —.

tract had not been broken, and that a litigant should not be required to prove a negative; and that the matter should be pleaded as a special defense as the best form for an adjudication. In the same case exceptive allegations to another matter was sustained, and the claimant urges its application here. The language is as follows (173 Fed. at page 566):

"It appears from the record that the vessel sank on the 15th of December, and the owner had notice on the 16th. The notice of abandonment was given four months thereafter, which was three months after the vessel had been raised, and two months after she had been cleaned, so as to be in condition for inspection and survey of damages. For cogent reasons, the insured party is required to act promptly in giving notice of abandonment, when it is intended to claim for a constructive total loss; and, without reasons justifying delay for the period which elapsed in this instance, the insurers have justice on their side in claiming that the right to abandon was waived."

This was apparent on the face of the libel, and I do not think has application here.

Rule 27, of the Supreme Court (40 Sup. Ct. xiii):

"Either party may except to the sufficiency, fullness, distinctness, relevancy, or competency of any of the pleadings. * * *"

Rule 26 (40 Sup. Ct. xiii):

"In all libels in causes of civil and maritime jurisdiction * * * the answers to libel * * * shall be on oath. * * *"

Rule 48 (40 Sup. Ct. xviii):

"When the respondent or claimant in his answer alleges new facts," etc.

The issue here raised is new matter, and should be by answer, and the issue presented in such form as to give the respondent the opportunity of meeting the issue. Exceptions denied.