### THE SAGADAHOC.

(District Court, W. D. Washington, N. D.   June 1, 1923.)

No. 7562.

1. **Shipping ⬤⟹132(2)—Libelant in suit for damage to cargo must allege compliance with conditions precedent to recovery.**

In a suit for damage to cargo, based on the contract of carriage embodied in the bill of lading, which is attached to the libel, libelant must allege compliance with any provision therein which is a condition precedent to recovery, or a waver thereof.

2. **Shipping ⬤⟹142—Provisions in bill of lading requiring prompt notice of, and suit on, claims for damage held valid.**

Provisions in a bill of lading requiring notice of any claim for loss or damage to cargo to be given before the goods are removed from the wharf, and commencement of suit within two months thereafter, as conditions precedent to carrier's liability, *held* reasonable and valid.

In Admiralty. Suit by Sherman, Clay & Co. and another against the steamship Sagadahoc; the Argonaut Steamship Company, Inc., claimant. On exception to libel. Exception sustained.

Libelant seeks damages alleged to have been received by cargo shipped on respondent's vessel. The bill of lading is attached as a basis for the action, in which appears the following condition:

"The shipowner shall not be liable for any' claims whatsoever, unless written notice thereof shall be given to the shipowner before the removal of the goods from the wharf, * * * or within three days after the vessel shall have finished discharging, if the goods shall not have been removed sooner. Suit to recover for loss and/or, damages shall not in any event be maintainable against the shipowner, unless within two months after the giving of written notice as above provided. * * *"

No allegation appears in the libel that this provision was complied with or waived. Exception is taken to the sufficiency of the libel.

Bogle, Merritt & Bogle, of Seattle, Wash., for libelant.

Huffer, Hayden & Bucey, of Seattle, Wash., for claimant and respondents.

NETERER, District Judge. [1] It is contended by the libelant that the action is based upon a common-law liability, and that the condition is an exception which must be asserted as a defense. Southern Ry. Co. v. Mooresville Cotton Mills, 187 Fed. 72, 109 C. C. A. 390; The H. S. Grove (D. C.) 283 Fed. 1019. The recovery in the instant case is clearly upon the contract of shipment evidenced by the bill of lading.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

The quoted provision in the bill of lading was accepted by the shipper, and is a part of the contract, which places upon the shipper the duty of advising the carrier of a loss for damages at a time when all of the matters are fresh in the minds of the parties, and the evidence with relation to loss claimed at hand, and the party seeking to recover must show a compliance with the conditions of the contract to be performed by it. The Persiana, 185 Fed. 396, 107 C. C. A. 416. The Southern Ry. Co. Case, supra, was determined upon strictly common-law liability. In 187 Fed. at page 76, 109 C. C. A. 394, the court said:

"It will be observed that this cause of action is based upon the common-law liability of the defendant as a common carrier. * * * It nowhere appears in the complaint that the plaintiff relies on any contract of carriage. * * *"

In the Henry S. Grove, supra, the action was not predicated on the bill of lading, nor was it attached to the libel.

[2] The rule, I think, is well settled that a stipulation that damages to cargo must be asserted within a given time, if reasonable, is binding. The Henry S. Grove, supra, and cases cited. The provision in the bill of lading being a condition precedent to a right of action, the performance must be stated, or a waiver pleaded, or excuse given for noncompliance, 31 Cyc. 58; 10 C. J. 364; Metropolitan Trust Co. v. Toledo & Co. (C. C.) 107 Fed. 628; The Arctic Bird (D. C.) 109 Fed. 167. In The Westminster, 127 Fed. 680, 62 C. C. A. 406, the court said that the giving of notice is an affirmative matter, and the burden is upon libelants to show such notice "as a condition of the right to recover." By the same token notice must be alleged, or waiver pleaded. The Persiana, supra. The Tampico (D. C.) 151 Fed. 689, emphasized by the respondent, I do not think is to the contrary. While some language employed by Judge De Haven seemed to contravene what he said in The Arctic Bird, which case was not referred to, there were many other elements considered. At page 691 he said:

"It undertook in express terms to waive the maritime lien which attaches to a vessel for the satisfaction of damages which the shipper may sustain in the event of a breach of the contract of carriage, and there can be no doubt that, if valid, it was a waiver upon the part of the libelants of the right to proceed in rem against the vessel for the recovery of the damages claimed by them in this action, because, unless there is a lien or charge against the vessel for such damages, the action in rem will not lie."

The greater portion of the discussion is upon this phase of the issue, and I think, in view of the authorities, must have been decisive in the judge's mind. The stipulation in the bill of lading being a part of the contract, the performance of which is a condition precedent to recovery, the burden being upon the respondent to show that the condition was performed or was waived, and this not being pleaded, the libel fails to state a cause of action.

The exception is sustained.