## THE JAMES GRIFFITHS.

### SPERRY FLOUR CO. v. COASTWISE STEAMSHIP & BARGE CO.,

Inc., et al.

No. 13098.

District Court, W. D. Washington, N. D. March 31, 1933.

Cosgrove & Terhune, of Seattle, Wash., for libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for respondents.

NETERER, District Judge.

Libelant seeks to recover damages in rem and in personam for value of shortage of cargo. Four causes of action are set out, covering as many shipments, which were delivered to the steamship James Griffiths pursuant to bills of lading attached, the bills of lading providing, among other things, that unless written demand for the payment of the claims of shipper or consignee, etc., " *  *  * or of misdelivery or of delay in delivery *  *  * shall be presented to Carrier or its Agent within thirty days after removal of the merchandise from the Carrier's custody, all such claims shall be taken to have been waived, and no suit shall thereafter be maintainable to recover any such claims. *  *  * Nothing shall be deemed a waiver of the provisions of this paragraph except a written express waiver signed by the Carrier."

Like exceptions are made by the McCormick Steamship Company, James Griffiths & Sons Company, and the Coastwise Steamship & Barge Company as to each cause of action, with the added exception of the Coastwise Steamship & Barge Company to the second paragraph of article 9 of the first cause of action, the second paragraph of article 3 of the second cause of action, and the second paragraph of article 3 of the third cause of action, claiming that said causes are improperly included and form no part of the cause or causes of action set forth, and should be stricken.

This exception of the Coastwise Steamship & Barge Company, in view of the conclusion, can well be passed without discussion. The challenge to the libel can be disposed of on the exception challenging the sufficiency of the statement to constitute a cause of action. This court has heretofore disposed of that issue in The Sagadahoc, 291 F. 920, wherein cases set out by the libelant were discussed and distinguished, except the libelant urges that the court failed to refer to The Feltre (C. C. A.) 30 F.(2d) 62. The question of notice was not raised in that case and was clearly waived. Judge Gilbert, for the court, at page 65, says: "There was no allegation, however, in either answer that the notice had not been given or that a claim had not been filed, or that the libel was barred for that reason, and so far as is shown by the records in the court below, at no time was any

·such defense suggested by the appellant until after the court had made its findings some two months after the submission of the case, nor was there then an offer to amend the answers and plead that defense." In the instant case the sufficiency, by absence of notice, is challenged at the first opportunity and the question is clearly raised at the inception of the litigation, and the duty imposed upon the court to determine that issue of law raised by, the exceptions.

The libelant in the instant case could have raised the same issue by answer, but the question is properly raised by exceptions in the interest of economy of the court's time as well as of the litigants, rather than to raise the question upon the trial.

█ The fact that the carrier had knowledge that there was shortage of delivery did not relieve the libelant from complying with the provisions of the bill of lading, and serve notice of nondelivery. The Supreme Court, in Southern Pacific Co. v. Stewart, 248 U. S. 446, 39 S. Ct. 139, 140, 63 L. Ed. 350, said: "Considering the principles and conclusions approved by our opinions in St. Louis, I. M. & S. R. Co. v. Starbird, 243 U. S. 592, 61 L. Ed. 917, 37 S. Ct. 462, and Erie R. Co. v. Stone, 244 U. S. 332, 61 L. Ed. 1173, 37 S. Ct. 633 (announced since the judgment below), and the cases therein cited, no extended discussion is necessary to show that upon the facts here disclosed the stipulation between the parties as to notice in writing within ten days of any claim for damages was valid. And we also think those opinions make it clear that the circumstances relied upon by the shipper are inadequate to show a waiver by the carrier of written notice as required by the contract." By the same token, this expression applies here.

In Gooch v. Oregon Short Line R. Co., 258 U. S. 22, 42 S. Ct. 192, 193, 66 L. Ed. 443, Justice Holmes, for the court, said: "Of course too, actual knowledge on the part of employees of the company was not an excuse for omitting the notice in writing. St. Louis, I. M. & S. R. Co. v. Starbird, 243 U. S. 592, 61 L. Ed. 917, 37 S. Ct. 462." See, also, The Queen of the Pacific, 180 U. S. 49, 21 S. Ct. 278, 45 L. Ed. 419. What was said in The Sagadahoc, supra, is reaffirmed.

█ Nor is the allegation that "libelant has complied with and performed all the conditions of said bill of lading on its part to be performed" a statement of fact. Nor is the letter from claimant, with other statements, the following, "Assuring you of our earnest desire to assist you in every way possible,"

a waiver of "written demand for the payment of the claims * * *." Waiver implies election to forego a right or privilege, Supreme Lodge, K. P., v. Quinn, 78 Miss. 525, 29 So. 826; to abandon an assertable advantage, Warren v. Crane, 50 Mich. 300, 15 N. W. 465; Cable v. U. S. L. Ins. Co. (C. C. A.) 111 F. 19; intentional relinquishment of an existing known right, Lehigh Valley R. Co. v. Providence-Washington Ins. Co. (C. C. A.) 172 F. 364. There is not even an attempt to waive "written demand." Nor is there anything operating against respondents or claimant by way of estoppel.

Exceptions are allowed except as to those, as stated, passed without discussion.