Louis Grossman, J.
On June 15, 1968, plaintiff flew from La Guardia Airport, New York City to Washington, D. C., aboard an aircraft owned and operated by the defendant. Prior to boarding said flight at La Guardia, plaintiff delivered to defendant one suitcase containing personal effects which included the following items of jewelry: one pearl necklace, one charm bracelet, two rings, and a watch.
On arrival in Washington, plaintiff’s suitcase was redelivered to her. However, upon reaching her ultimate destination she found that her suitcase no longer contained the afore-mentioned jewelry which had a fair and reasonable value in excess of $500.
The carriage from New York to Washington was subject to and governed by the terms of Local and Joint Passenger Rules Tariff No. PR-4, C. A. B. No. 43, which provides in part, as follows: “ No action shall be maintained for any loss of, or any damage to, or any delay in the delivery of, any property or baggage, or on any other claim (excepting only personal injury or death), arising out of or in connection with transportation of, or failure to transport any passenger or property or baggage unless notice of the claim is presented in writing to an office of the carrier participating in this Rule 85 (b) alleged to be responsible therefor within 45 days after the alleged occurrence of the events giving rise to the claim ”.
Although oral notice of the fact that the afore-mentioned jewelry was missing from plaintiff’s suitcase was given to the defendant on June 15, 1968, at no time did plaintiff, or anyone acting in her behalf, present to the defendant a notice of claim in writing in accordance with the preceding provision.'
*45 Plaintiff and defendant have stipulated as to the above facts and tariff applicability. They have also stipulated that if I find for the plaintiff, that judgment shall be had in the sum of $500, with interest and costs thereon, or, if I find for the defendant, the complaint shall be dismissed.
It is plaintiff’s contention that the foregoing oral notice is sufficient to complete its prima facie case. Defendant contends, as a matter of law, that said oral notice did not satisfy the written notice requirement as provided in the tariff.
The defendant operates subject to the provisions of the Federal Aviation Act of 1958, and, pursuant to section 403, subd. [a] thereof (U. S. Code, tit. 49, § 1373, subd. [a]), it is required to file with the Civil Aeronautics Board tariffs containing its rules and regulations relating to the interstate transportation of passengers and cargo.
Under the doctrine of primary jurisdiction, the provisions of tariffs so filed are subject to attack in the courts only after all administrative remedies have been exhausted. However, neither the board nor the courts have the authority, by statute or common law, to make a retrospective determination of the validity or reasonableness of a tariff rule; their power to invalidate such a rule is prospective only (Tishman & Lipp, Inc. v. Delta Airlines, 275 F. Supp. 471 [S. D. N. Y.], affd. 413 F. 2d 1401). This primary jurisdiction rule was followed in Herman v. Northwest Airlines (222 F. 2d 326 [2 Cir., 1955], cert. den. 350 U. S. 843) and the rule of Herman was adopted by the New York County Supreme Court in Kenney v. Northeast Airlines (152 N. Y. S. 2d 966). The law was succinctly stated in Alco Gravure Div. v. American Airlines (173 F. Supp. 752) at page 755, as follows: “ The carrier is obliged by the statute and regulations to file these schedules in the first place. The Board may at once reject them as improper or unreasonable; but if not so rejected they continue to be valid and enforceable until the question of their alleged invalidity for unreasonableness or otherwise is challenged by the Board or by interested parties before the Board, and held by the Board to be invalid. In a suit against a carrier the tariff schedules must be accepted and applied by the courts in litigation unless and until the Board has otherwise ruled.”
Failure to give written notice notwithstanding, plaintiff contends that she may recover on the ground that under these circumstances, written notice was waived or should not be required in the presence of actual notice. The parties have not submitted, nor have I been able to find, any case where a passenger sustains a baggage loss while a passenger on an interstate carrier and gives oral notice on the same day that *46 the loss occurs, which is conceded by the carrier, that a court decided in favor of either side. As this may be a case of first impression, it is necessary to examine that body of law dealing with failure to give notice or proper notice.
While there are differences in approach and result among numerous cases considering failure to give notice in interstate shipment claims, the prevailing view is that the communication relied upon as a claim must be, at least partially, in writing. (Georgia, Fla. & Ala. Ry. v. Blish Co., 241 U. S. 190 ; Chesapeake & Ohio Ry. v. Martin, 283 U. S. 209 ; Northern Pac. Ry. Co. v. Mackie, 195 F. 2d 641 ; Delphi Frosted Foods Corp. v. Illinois Cent. R. R. Co., 188 F. 2d 343, cert. den. 342 U. S. 833 ; Insurance Co. of North Amer. v. Newtowne Mfg. Co., 187 F. 2d 675 ; Meyers v. Cleveland, C. C. & St. Louis R. R. Co., 183 App. Div. 453, app. dsmd. 236 N. Y. 640 ; Schaffer v. Pennsylvania R. R. Co., 127 N. Y. S. 2d 466, affd. 127 N. Y. S. 2d 468.)
To put it in stronger language, the Supreme Court of the United States has taken the view that the mere fact that certain agents of the carrier have knowledge of the loss does not relieve claimant from the necessity of reporting or making claim in writing: (Southern Pac. Co. v. Stewart, 248 U. S. 446 ; Georgia Fla. & Ala. Ry. v. Blish Co., supra ; Chesapeake & Ohio Ry. v. Martin, supra ; St. Louis, I. Mt. & So. Ry. Co. v. Starbird, 243 U. S. 592.)
One of the reasons for having and enforcing contracts in interstate commerce is to assure uniformity of rates and services to the public through the prevention of discrimination and preferences which are illegal and void. (New Haven R. R. v. Interstate Commerce Comm., 200 U. S. 361 ; Georgia, Fla. & Ala. Ry. v. Blish Co., supra ; Keogh v. C. & N. Ry. Co., 260 U. S. 156 ; Lichten v. Eastern Airlines, 189 F. 2d 939 ; Federal Aviation Act of 1958, U. S. Code, tit. 49, §§ 1373, 1374.)
I have carefully considered plaintiff’s contentions, but I am constrained to find in favor of the defendant because notice in writing must be given and defendant cannot waive his obligation. Accordingly, the complaint is dismissed and judgment shall be entered in favor of the defendant.