Richard S. Lane, J.
This is a bailment case in which plaintiff’s baggage allegedly suffered water damage while being carried on an ALM Dutch Antillean Airlines flight from St. Maarten to JFK International Airport. After plaintiff rested, defendant moved to dismiss on plaintiff’s failure to show a written complaint within three days as required by article 26 of the Warsaw Convention (49 U. S. Stat. 3000, 3020). The convention, being an international treaty ratified by the Senate, has the force and effect of a Federal statute and is the supreme law of the land of which I must take judicial notice (U. S. Const., art. VI, § 2; Reid v. Covert, 354 U. S. 1; CPLR 4511, subd. [a]).
Surprisingly enough the issue appears to be one of first impression; and I find myself at sea between the Seylla and Charybdis of two well-established and diverse lines of authority advanced by the respective parties.
Defendants rely on the cases sustaining the applicability of the short two-year Statute of Limitations contained in article 29 of the convention (Jaffe v. British Overseas Airways Corp., 34 A D 2d 527, mot. for lv. to app. dsmd. 27 N Y 2d 796; Bergman v. Pan American World Airways, 32 A D 2d 95; Molitch v. Irish International Airlines, 436 F. 2d 42).
Plaintiff relies on the cases denying the applicability of the monetary limitations on claims contained in article 22 of the convention unless such limitations are brought home to the passenger as a matter of contract (Egan v. Kollsman Instrument Corp., 21 N Y 2d 160; Stolk v. Compagnie Nationals Air France, 58 Misc 2d 1008, affd. 64 Misc 2d 859; Lisi v. Alitalia-Linee Aeree Italiane, 253 F. Supp. 237, affd. 370 F. 2d 508, affd. 390 U. S. 455). There can be no real dispute and I find that the requirement of a timely written notice of claim was not brought home to plaintiff, even if it was contained in the Lilliputian print of the conditions of contract on the ticket (of which I am not certain). There was an oral notice of claim within the three-day period.
Plaintiff has the better of the argument. Although at first blush the requirement of timely written notice of claim appears closer by analogy to a Statute of Limitations than to limitations on the amount of liability, both pragmatically and by statutory language, the reverse turns out to be the case.
*404 Pragmatically the dichotomy between the two lines of cases cited above has been rationalized on the basis that, if a passenger knew of the limitations on the amount of liability in advance, he could take steps to protect himself by flight insurance or in the case of baggage by a higher declared valuation, whereas with respect to the Statute of Limitations there is nothing a passenger could do and anyhow he has plenty of time after the event to learn about it and comply (see Molitch v. Irish International Airlines, supra). Turning to the requirement of timely written notice of claim, while it is true that there is nothing a passenger could do in advance, it is equally true that three days is far too short a period to expect anyone to learn about the contents of the Warsaw Convention (Jessel v. Lockwood Textile Corp., 276 App. Div. 378). Even with a fine law library immediately available to me, I had difficulty in finding the text.
As a matter of statutory language, the dichotomy between the two lines of cases cited above has rested upon articles 3 and 4 of the convention, wherein it is provided that passenger tickets and baggage checks must refer to the rules of the convention relative to liability, and that, in the absence of a ticket or a baggage check, as the case may be, the carrier cannot avail itself of the provisions ‘ ‘ which exclude or limit his liability ’ ’. These provisions have been interpreted by the courts to mean not only that there must be a ticket or baggage check, as the case may be, but same must inform the passenger of the limitations and miniscule print is no good. A Statute of Limitations, it is said on the other hand, does not exclude or limit liability; it merely bars enforcement thereof after the passage of a certain time (see Bergman v. Pan American World Airways, supra). Turning to the-requirement of a timely written notice of claim, it certainly falls within the category of provisions which exclude or limit liability. Accordingly, I hold that it must be brought home to the passenger in advance or it will be deemed abandoned.
Scheinman v. Eastern Airlines (66 Misc 2d 44), to which defendants have invited my attention, is not to the contrary. There my colleague, Judge Grossmax, held against a baggage damage claimant who had ignored the carrier’s requirement of a written notice of claim within 45 days. The case, however, concerned domestic transportation and the requirement was contained in a filed tariff on which the law is well settled (Herman v. Northwest Airlines, 222 F. 2d 326, cert. den. 350 U. S. 843).
Defendants’ motion is denied and the case will go to the jury.