Charles Gold, J.
After trial the jury has- awarded plaintiff $2,000 in her action for damages resulting from .the loss of two pieces of luggage during her trip from New York to Paris on *1009 the defendant airline’s Flight No. 044, July 10,1967. The defendant has moved pursuant to CPLR 4404 (subd^ [a]) for judgment, notwithstanding the verdict, dismissing the complaint with respect to all claims in excess of $330. It contends that its liability is limited to that sum by virtue of either article 22 of the Convention for the Unification of Certain Rules Relating to International Transportation By Air (49 U. S. Stat. 3000 et seq.) (commonly known as the Warsaw Convention), or, if this be inapplicable, then by the provisions of the Local and Joint International Passenger Rules Tariff No. PR-2 which defendant has filed with the Civil Aeronautics Board pursuant to subdivision (a) of section 1373 of title 49 of the United States Code.
At the outset, it should be .stated that the flight referred to is “ international ” as defined by the Warsaw Convention. Thus, that Convention’s provisions cover the incidences of this flight. Difficulty arises, however, in determining whether Air France has complied with .the prerequisites that the Convention imposes before permitting the defendant to limit its liability thereunder.
Defendant’s argument in this regard is twofold. First, it contends that plaintiff knew or should have known of the limitations of the Convention. It is the defendant’s position that plaintiff read or should have read .the notice of such limitations for loss of baggage contained under the title of “ Conditions of Contract,” in the passenger ticket and baggage check issued to plaintiff approximately two weeks before the flight.
Secondly, defendant asserts that the notice of the Warsaw Convention’s limitations on liability relating to death and personal injury, printed in 10-point type, in accordance with the Montreal Agreement between air carriers concerning the Warsaw Convention (and the Civil Aeronautics Board Order No. E-23680 approving that agreement) was sufficient to alert plaintiff to .the applicability of the Convention’s limitations regarding baggage loss.
There is no need whatsoever to consider defendant’s contention that plaintiff read the baggage limitation provision, inasmuch as the jury found that she had not. This finding was in response to a specific question .submitted by the court. Further, defendant has not directed the court’s attention to any authority to support its contention that plaintiff should have read the aforesaid statement of limitations of liability and in the circumstances present the court is of the opinion that plaintiff was under no such obligation.
*1010 In the case of Lisi v. Alitalia Linee Aeree Italiane, S.p.A. (253 F. Supp. 237, affd. 370 F. 2d 508 [C. A. 2d], affd. by an evenly divided court 390 U. S. 455), which involved wrongful death, personal injury and property damage, the Federal District Court for the Southern District of New York held that statements printed in very small type, similar in size to the type before us, could not give plaintiff constructive notice of the airline’s limitation of liability. In denouncing the legend printed in this type, the court wrote that the limitations are: ‘ ‘ camouflaged in Lilliputian print in a thicket of ‘ Conditions of Contract ’ * * * Indeed, the exculpatory statements on which defendant relies are virtually invisible. They are ineffectively positioned, diminutively sized, and unemphasized by bold face type, contrasting color, or anything else. The simple truth is that they are so artfully camouflaged that their presence is concealed.” (253 F. Supp. 243.)
Every criticism made by the court in the Lisi case (supra) may be made herein with like purpose and emphasis. Accordingly, the court finds that the statements of liability limits contained in the conditions of contract, printed as they are in miniscule type, did not give the plaintiff the notice required under subdivision (4) of article 4 of the Warsaw Convention. (Lisi v. Alitalia, supra; Egan v. Kollsman Instrument Corp., 21 N Y 2d 160.)
If ¡should be noted at this point that the courts in Lisi v. Alitalia (supra) and Egan v. Kollsman Instrument Corp. (supra) were dealing with and interpreting the provisions of article 3 of the Warsaw Convention concerning the passenger ticket. The verbiage of article 3, while requiring a ¡statement of liability limitations to appear in the passenger ticket, denies to the carrier the use of these limitations if it “ accepts a passenger without a passenger ticket having been delivered ’ ’. (Subd. [2].) On the other hand, article 4, concerning the baggage check, not only requires a statement of limitations of liability to appear thereon and denies the ¡carrier the right to invoke these limitations if no baggage check is delivered, but further states that ‘ ‘ if the baggage check does not contain [a statement of the applicable limitations of liability] ” the carrier may not limit his liability. Thus, the very specific requirement of article 4 makes it mandatory for the carrier to include a statement of the applicable limitations in the baggage check if it wishes to limit its exposure for loss or damage to baggage.
Our courts have interpreted .the delivery requirement of article 3 to require: ‘‘ That the ticket be delivered to the passenger in ¡such a manner as to afford him a reasonable oppor *1011 tunity to take measures to protect himself against the limitation of liability.” (Mertens v. Flying Tiger Line, 341 F. 2d 851, 856, [C. A. 2d], cert. den. 382 U. S. 816.)
Thereafter, in Lisi v. Alitalia (supra) it was held that a notice of the limitations printed in miniscule type was no notice at all and did not afford the plaintiff the protection sought to be granted to him by the Convention’s requirement of delivery of the ticket.
It is interesting to note that the criticism leveled at the opinions in the Lisi and Egan cases (supra), on the part of the carriers, leaned very heavily on the contrasting provisions of articles 3 and 4. Their contention was that the wording of article 3 does not require that there be a printed statement of the Convention’s limitations to make them available to the carrier, while acknowledging that article 4 (relied on herein) might, in fact, make such notice mandatory. (See 33 J. Air L. & Com. 698.) The court, in fact, agrees with this contention even though article 4 deals with baggage and article 3 deals with the person. Thus, it would be incongruous to permit a notice such as was denouncel in Lisi v. Alitalia (supra) and Egan v. Kollsman (supra) under article 3 to satisfy the more rigid requirements of article 4.
The court is also constrained to disagree with the defendant’s assertion that the notice, though printed in 10-point type, is sufficient to alert plaintiff to the limitation fixed by the Convention on baggage liability. This notice speaks only of limited liability in the case of death or personal injury. Not one word is mentioned therein regarding any limit whatsoever for loss of baggage. Thus plaintiff was neither alerted to the need to purchase baggage insurance nor apprised of the necessity to declare excess value in order to protect her property.
The court views the effectiveness of the 10-point-type notice quite differently than does the defendant. The reasonably prominent legend limiting the defendant’s liability for death and personal injury and the concurrent absence of any equally clear, legible statement regarding the limits of liability for loss of baggage might readily tend to create a strong impression in the mind of a passenger that there are no limitations for baggage loss.
By virtue of the foregoing, the court concludes that the 10-point-type notice relating to death and personal injury liability is not .sufficient to satisfy the very specific requirement of subdivision (4) of article 4 of the Warsaw Convention (see discussion above re arts. 3 and 4), and thus the absence of the *1012 required notice prevents the defendant from availing itself of the Convention’s liability limitations for baggage loss.
The court now turns to defendant’s contention that the Local and Joint International Passenger Rules Tariff No. PR-2, filed by defendant with the Civil Aeronautics Board pursuant to subdivision (a) of section 1373 of title 49 of the United States Code and the regulations promulgated thereunder, limit defendant’s liability. Defendant asserts that .such tariff is applicable without regard to whether or not a notice of the limitations of liability contained therein is given to the passenger. Defendant has documented this assertion with scores of cases on point. All these have but one fatal factual distinction from the case at bar, to wit, they concern domestic not international flights. Defendant, despite exhaustive briefs, has failed to cite and the court has, after diligent research, failed to find a case involving an international flight where the limitations of liability contained in the filed tariff were applied.
The Warsaw Convention states that its terms shall apply to all international travel as defined by its provisions. As noted, no assertion is made, nor could any reasonably be made, that the instant flight was not of an international character as described in the Warsaw Convention. Consequently, the provisions of that Convention apply to this flight. However, as found above by the court, the carrier has failed .to provide the notice required by the Convention in order to enable it to avail itself of the provisions limiting its liability for loss of baggage. This holding by its very terms relates only to the provisions of article 22 of the Convention which contain the limitations of liability. The remainder of the Convention’s terms applies.
Subdivision (4) of article 4 states in the sentence immediately preceding the notice requirement thereof: “ The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this Convention”. (Emphasis supplied.)
Thus, it is clear that as a consequence of its failure to give notice of .the liability limitations, the defendant is deprived of the right to assert such limitations upon the trial. (See discussion re art. 4, subd. [4], supra.) Consequently, plaintiff under the terms of the Convention would be entitled to recover all provable damages resulting from the loss of her baggage without regard to the limitations prescribed by article 22.
Defendant seeks to avoid the aforesaid result by resorting to the filed tariff containing identical liability limitations regarding baggage. This the court may not permit it to do. The *1013 Warsaw Convention, being an international treaty ratified by ■the Senate of the United States, has the force and effect of a Federal statute, is the supreme law of the land (U. S. Const., art. VI, 2d par.; Reid v. Covert, 354 U. S. 1), and thus supersedes the tariff and renders it inapplicable to the case at bar.
Were the courts to adopt defendant’s position, .the requirement of the Convention to give adequate notice of the defendant’s potential limits of liability would be completely negated. Such a result would not only be unjust for the reasons above noted, but would supersede, by judicial fiat, a treaty of the United States. This court may not so rule.
Accordingly, the court finds that the filed tariff is not effective to limit defendant’s liability, as the instant flight was covered by the Warsaw Convention which supersedes the tariff.
For the reasons assigned the court denies defendant’s motion for judgment, notwithstanding the verdict.
The verdict of the jury, therefore, stands as rendered.