OPINION OF THE COURT
Jerome L. Steinberg, J.
In this small claims action, both sides move for summary judgment. The undisputed facts are as follows:
Claimant purchased two tickets (for himself and his wife) on defendant’s Flight No. 201, from Brussels to New York, for July 12, 1979. On July 11, 1979 a Capitol flight from Chicago to Boston to Brussels was canceled due to engine trouble, which also resulted in the cancellation of claimant’s flight on the following day.
Claimant seeks the refund of the $300 paid for his two tickets. This amount is not in dispute. Capitol is willing to refund this sum upon return of the two unused tickets. In *721 addition, however, claimant seeks to recover the difference between the cost of the tickets on Capitol ($300) and the cost of the tickets purchased from Air France ($1,065.36), a total of $765.36, which when added to the $300 for the unused Capitol tickets, exceeds the $1,000 jurisdiction of Small Claims Court. If claimant’s position is correct, he is entitled to the $1,000 sued for; if defendant is correct, then claimant is only entitled to $300 (in either event, claimant would have to surrender the unused Capitol tickets).
Claimants were not informed of the cancellation of their flight until the morning of their scheduled departure. In effect, they were stranded in Brussels, as Capitol professed an inability to find alternate transportation for them. Claimants, however, were able to find alternate transportation on that same day via Air France (Brussels to Paris to New York).
Defendant alleges that its tariff filed with the Civil Aeronautics Board (CAB), pursuant to Federal requirements, exempts it from liability. Pursuant to the tariff, Capitol is exempted from liability, other than a fare refund, if a flight is canceled. Defendant asserts that it would be subject to CAB sanction if it did more than refund the ticket price.
However, this was an international flight, and is covered by the Warsaw Convention (49 US Stat 3014 et seq.), which supersedes the tariff (Stalk v Compagnie Nationale Air France, 58 Misc 2d 1008). A conflict between a tariff which limits an airline’s liability and the Warsaw Convention must be resolved in favor of the latter, since this is a treaty duly entered into and is the supreme law of the land. (Butler’s Shoe Corp. v Pan Amer. World Airways, 514 F2d 1283.)
Article 19 of the Warsaw Convention (49 US Stat 3019) makes an airline liable for damage due to delay. Certainly, defendant can be no less liable for outright cancellation without alternate arrangements than it is for a mere delay. Claimant would be obligated to minimize his damages, if possible, by obtaining other accommodations rather than languish in a hotel, at defendant’s expense, for weeks or months, until a Capitol flight became available.
Defendant argues that subdivision (1) of article 20 of the Warsaw Convention (49 US Stat 3019) excuses the airline from liability if all necessary measures were taken to avoid the damages or if avoidance was impossible. The court is not satisfied that such contingency was met. Cancellations due to engine failure are not so remote an occurrence in the airline *722 industry as to relieve a carrier from all responsibility to its passengers. Certainly engine failure on any specific aircraft would generally be "unforeseen”, but given the nature of the industry, such an occurrence at some time, is certainly "foreseeable”.
Defendant made insufficient effort to find claimants another flight to the United States. The fact that other Capitol flights were booked to capacity does not relieve it of all responsibility to its passengers. A charter or subcharter was not the only means of substitute service available. There were other flights available, as evidenced by the fact that claimant obtained transportation via Air France on the same day, in spite of peak summer schedules and the grounding of DC-10 aircraft. Defendant cannot expect the court to sanction the stranding of passengers in a foreign country as acceptable practice, when engine trouble causes cancellation of a flight. To offer only a charter, if available, as a substitute in such a case, is the equivalent of stranding American citizens abroad, and cannot-be tolerated. Transportation by airplane is no longer in its infancy. Hit and miss practices of a nascent industry may be tolerable as a temporary expedient. It is high time, however, that airlines begin to assume the obligations of responsible businessmen. Summary judgment is granted in favor of claimant for $1,000, upon the return of the two unused tickets from the canceled flight.