**Eduardo F. LOPEZ, Plaintiff,**

v.

**EASTERN AIRLINES, INC., Defendant.**

**No. 87 Civ. 5551 (RWS).**

United States District Court, S.D. New York.

Jan. 12, 1988.

Eduardo F. Lopez, P.C., pro se, New York City, for plaintiff.

Gallagher & Gosseen, Mineola, N.Y., for defendant; James C. Morin, Frederick B. Simpson, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Eduardo F. Lopez ("Lopez") is an attorney, representing himself, who has gotten up on his tin ear over being bumped by defendant Eastern Airlines, Inc. ("EAL") on April 10, 1987 on his way to Miami. On the findings and conclusions set forth below, he wins, but not much.

This action was commenced in the Civil Court of the City of New York, County of New York. EAL, a Delaware corporation removed the action to this court, the Indorsed Complaint having alleged $25,000 damages. Discovery by way of deposition of Lopez and answers to interrogatories was completed. This action was tried non-jury on November 10, 1987 on the submission of a pretrial order, answers to interrogatories and deposition evidence. This record was supplemented by briefing which was completed on December 15, 1987. No evidentiary facts are disputed except as to Lopez's damages.

### Facts

What happened to Lopez is what he claims happened—holding a confirmed reservation, he got bumped from Flight 3 scheduled to leave Newark at 7:59 p.m. on Friday, April 10, 1987. He had planned to arrive at his condominium at Key Largo around midnight and to attend a wedding the following day. After he was denied a seat on EAL Flight 3 as a result of over-booking, he was offered a seat on EAL Flight 437 leaving at 11:45 p.m. which he accepted. EAL offered to return the price of the ticket which he declined.

Lopez flew on his original EAL ticket, and instead of arriving at his condominium around midnight, he arrived between 3 and 4 o'clock in the morning. He attended the wedding as planned, having suffered "humiliation, annoyance and distress."

Lopez flew bimonthly to Miami, was aware that EAL over-booked, particularly on Fridays, and that the EAL ticket contained provisions relating to over-booking and the damages thereby available. EAL does not challenge that Flight 3 was over-booked.

### Conclusions

Lopez does not seek his contract damages of 200% of the fare, but rather his actual damages. According to EAL, Lopez is limited to his contractual damages.

Under the Airline Deregulation Act of 1978, the Civil Aeronautics Board ("CAB") maintained its former authority over tariffs as to over-booking and in 14 C.F.R. Part 250 established the procedures and minimum standards to be followed by the airlines with respect to passengers holding confirmed reservations who are bumped as a result of overselling. It is this section upon which EAL relies, together with its Conditions of Contract Applicable to Interstate/Overseas Transportation, which are consistent with the Section 14 C.F.R. 250.

On the other hand, Lopez also read 14 C.F.R. 250 carefully and points out the final section of 14 C.F.R. 250.9, "Written explanation of denied boarding compensation and boarding priorities," which provides:

Passenger's Options

Acceptance of the compensation may relieve (name of air carrier) from any further liability to the passenger caused by its failure to honor the confirmed reservation. However, the passenger may decline the payment and seek to recover damages in a court of law or in some other manner.

Both parties rely on a bumping case brought against an airline by consumer advocate Ralph Nader. In *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), the Supreme Court held that a common law action for damages survives the federal air carrier regulations. Although the Supreme Court's *Nader* decision affirmed only the existence of common law tort liability, Lopez cites a New York case, *Goranson v. Trans World Airlines*, 121 Misc.2d 68, 467 N.Y.S.2d 774 (White Plains City Ct.1983), for the proposition that the reasoning in

*Nader* also supports the viability of common law contract liability for bumping. In *Goranson* the court found TWA liable for overbooking and bumping as simple common law breach of contract. *Goranson,* 467 N.Y.S.2d at 781.

On the other hand, EAL cites to a subsequent decision by the Court of Appeals for the District of Columbia in *Nader* in which the Court held that Nader had not made out a tort claim for fraudulent representation. *Nader v. Allegheny Airlines, Inc.,* 626 F.2d 1031 (D.C.Cir.1980). There the Court found that since "the practice of overbooking in the air transportation industry was public information, openly discussed by the carriers, the [Civil Aeronautics] Board and publications of national circulation," the district court had erred in concluding "that Allegheny's failure to notify Nader of its overbooking practices was motivated by deceit and the desire to deprive him of information." *Id.* at 1037. Thus, the Court concluded that Nader had not "relied on his confirmed reservation with Allegheny as a guarantee of passage." *Id.* at 1038.

■ Although widespread disclosure of airlines' overbooking practices may preclude bumped airline passengers from bringing tort claims for fraudulent representation, it does not follow that such passengers should not be able to seek relief from such a vexing practice under a breach of contract theory. Therefore, under the theory set forth in *Goranson v. Trans World Airlines, Inc.,* EAL is liable for over-booking and bumping as a simple common law breach of contract, and Lopez is entitled to actual compensatory damages. In this case, that's not much, unless as one suspects, Lopez has brought the action for the principle of it all.

Unlike the groomsman in *Smith v. Piedmont Aviation, Inc.,* 567 F.2d 290 (5th Cir.1978), Lopez got to the church on time. Unlike the gardener in *Goranson,* who lost two days of vacation, including a scheduled visit to the Savill Gardens, Lopez suffered a delay of only three to four hours.

■ However, inconvenience, delay and uncertainty are worth something even in the absence of out-of-pocket costs. *Cf. Goranson,* 467 N.Y.S.2d at 781 (plaintiff entitled "to recover for her extreme inconvenience"); *Smith v. Piedmont Aviation, Inc.,* 567 F.2d at 292 (affirming plaintiff's award of one thousand dollars "for inconvenience, inability to reach wedding rehearsal on time, missing part of the rehearsal dinner, being required to drive an automobile in mountainous territory, and the cost of automobile rent"). When confronted with this problem, the trier of the meager facts presented here must resist the almost overwhelming temptation to recall the angst created by last second cancellations or alterations of flight plans which jeopardize long cherished plans to participate in some pleasurable and unique experience. However, such frustration, pain and anxiety are real, and compensable.

Lopez is entitled to costs and damages for his inconvenience, loss of time, anxiety and frustration in the amount of $450.

Enter judgment on notice.

IT IS SO ORDERED.