Tina M. BRAUNSTEIN, Plaintiff,

v.

UNITED AIRLINES, INC., Defendant.

No. 87 Civ. 601 (RWS).

United States District Court,
S.D. New York.

April 28, 1988.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Tina M. Braunstein ("Braunstein") has moved for an order pursuant to Fed.R.Civ.P. 56 granting summary judgment against defendant United Airlines, Inc. ("United"). United has cross-moved for summary judgment in its favor dismissing the complaint. Upon the findings and conclusions set forth below, summary judgment is granted in favor of United.

*Facts*

Braunstein commenced this action on December 31, 1986 by filing a summons and complaint in the Civil Court of the City of New York, Bronx County. On January 30, 1987, United removed the action to this court on the grounds of diversity, Braunstein having alleged damages in the amount of $25,000.

On July 3, 1986, United issued a round-trip ticket to Braunstein for transportation from New York to Los Angeles on July 3, 1986 and from Los Angeles to New York on July 10, 1986. The ticket provided that on her return trip, Braunstein would travel on Flight 108 from Los Angeles to Chicago and on Flight 88 from Chicago to LaGuardia Airport in New York.

On July 10, 1986, Braunstein arrived at the airport in Los Angeles at 11:30 a.m. for Flight 108 which was scheduled to depart at 1:25 p.m. While standing in line for a boarding pass, Braunstein alleges that as she approached the ticket counter, a "screaming commotion" and shoving by passengers took place. As a result of the ensuing confusion, Braunstein asserts that she was involuntarily "bumped" from Flight 108. Braunstein then accepted a boarding pass for an alternate flight to New York via Denver. On the flight to Denver, Braunstein did not receive the vegetarian meal she claims she had ordered when she first bought her ticket, and during her lay-over in Denver she purchased her own meal for six or seven dollars. Braunstein arrived at Newark Airport at approximately 3:00 a.m. on July 11.

Having allegedly been bumped from Flight 108, Braunstein claims that she was compelled to make numerous telephone calls to her mother in New York who had arranged to meet her flight. Braunstein claims that because of the uncertainty caused by her flight schedule and United's failure to inform her mother of the correct time and place of her daughter's arrival, Braunstein's mother went to Kennedy, LaGuardia and Newark Airports at least once before returning to Newark Airport to pick up her daughter at approximately 4:30 a.m. As a result of her ordeal, Braunstein claims that she has suffered "extreme anxiety and emotional upset and loss of extensive [time] and concern."

In opposition to Braunstein's motion for summary judgment and in support of its own motion for dismissal of the complaint, United has submitted records for Flight 108 which indicate that the flight left Los Angeles on July 10, 1986 approximately one hour later than scheduled because of "operational difficulties" and that the plane departed with 189 empty seats in its coach section. Based on these records, United contends that Braunstein was not offered compensation for denied boarding because Flight 108 was not overbooked and no customers were denied boarding on that flight. United's reservation record for Braunstein does not indicate that she requested a special meal for her trip on Flight 108. Finally, United contends that it arranged an alternate flight for Braunstein through

Denver to LaGuardia Airport in New York and that Braunstein's failure to change planes in Denver was the reason for her arrival in Newark instead of New York.

*Summary Judgment*

In order to grant summary judgment, this court must determine that no genuine issue of material facts exists and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Summary judgment enables a court to "streamline the process for terminating frivolous claims and to concentrate its resources on meritorious litigation." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986).

In *Lopez v. Eastern Airlines, Inc.*, 677 F.Supp. 181 (S.D.N.Y.1988), this court, following *Goranson v. Trans World Airlines*, 121 Misc.2d 68, 467 N.Y.S.2d 774 (White Plains City Ct.1983), held that "bumped airline passengers ... [may] seek relief from such a vexing practice [i.e., bumping] under a breach of contract theory." *Lopez v. Eastern Airlines*, at 183. In *Lopez*, there was no dispute that the plaintiff had been bumped from his flight to Miami as a result of the airline's practice of overselling. Although the plaintiff suffered a delay of only three to four hours in reaching his ultimate destination, he recovered $450 for his inconvenience, loss of time, anxiety and frustration.

In the instant case, Braunstein has not adduced or alleged a claim for breach of contract on the grounds that she was bumped from Flight 108 because United had oversold the flight. United's unrebutted records for Flight 108 establish that Flight 108 departed Los Angeles with almost half of its coach seats and one quarter of its first class seats empty. She has alleged that a disturbance at the ticket counter somehow caused her to miss her flight, but she has not alleged any facts which would support a finding that acts or omissions by United prevented her from boarding Flight 108.

For the reasons set forth above, Braunstein's motion for summary judgment is denied, and United's motion for summary judgment dismissing the complaint is granted.