OPINION OF THE COURT
Madonna Stahl, J.
This is a small claim brought by plaintiff to recover damages in the amount of $1,000 for defendant’s cancellation of a flight from Montreal to Albany, New York, on January 18, 1988.
*908 The facts and circumstances of this matter are not in dispute. Plaintiff purchased a ticket for air carriage on Mall Airways, flight 508, from Montreal (Dorval Airport) to Albany, on January 18, 1988. Mall Airways was unable to operate flight 508 due to mechanical problems with the aircraft.
At Dorval Airport, Mall Airways issued plaintiff a ticket for Delta flight 645, on January 18, to Boston (Logan Airport), with a connecting flight on Piedmont flight 565 to Albany. Delta flight 645 was delayed because of weather conditions and plaintiff missed her connecting flight on Piedmont flight 565 by approximately five minutes.
Plaintiff did not return to the Delta counter at Logan Airport to obtain a new ticket on a connecting flight in exchange for her ticket coupon for Piedmont flight 565. Rather, plaintiff chose to purchase a ticket on United Airlines to Hartford, Connecticut, with a connecting flight on Pan American from Hartford to Albany, and now plaintiff seeks damages against defendant for the cancellation of Mall Airways flight 508.
The defendant is not liable for damages caused by cancellations pursuant to its contract of carriage.
Mall has on file a copy of its terms and conditions of carriage; said terms and conditions are incorporated into the contract of carriage between Mall and its passengers (para 2). The terms and conditions of carriage further provide: "Where deemed by it to be reasonably necessary, Mall reserves the right to cancel any flights. Mall assumes no responsibility for the effects of such action” (para 16). The terms and conditions of carriage also explicitly states "Mall does not guarantee carriage if a flight is cancelled” (para 19) and "Mall assumes no responsibility for passengers unable to make connections with other flights or other modes of transportation” (para 12).
The courts have indicated that the rights and liabilities between airlines and its passengers are governed by the tariff which airlines file with the Civil Aeronautics Board and which set forth the terms and conditions of air service. (Pan Am. World Airways v Overseas Raleigh Mfg., 73 AD2d 879 [1st Dept 1980].) Mall Airways has complied with the tariff requirements of the Civil Aeronautics Board and is not liable to plaintiff pursuant to the terms and conditions of its contract of carriage.
Furthermore, defendant is not liable for damages caused by cancellation pursuant to the Warsaw Convention.
*909 International flights are governed by the Warsaw Convention (49 US Stat 3000) and conflicts between tariffs and the Warsaw Convention must be resolved in favor of the latter. (McMurry v Capitol Intl. Airways, 102 Misc 2d 720 [Civ Ct, Kings County 1980]; see also, Stolk v Compagnie Air France, 58 Misc 2d 1008 [Civ Ct, NY County 1969].)
Article 19 of the Warsaw Convention provides in pertinent part: “The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods.” (49 US Stat 3019.) In McMurry v Capitol Intl. Airways (102 Misc 2d 720, supra) the court extended the liability of the air carrier under the Warsaw Convention to include liability for cancellation. (Supra, at 721.) The court goes on to imply, however, that had the air carrier provided its passengers with an alternative means for reaching their destination, the carrier would have complied with article 20 (1) of the Warsaw Convention and be excused from liability. (Supra, at 721-722.) Article 20 (1) provides in pertinent part: “The carrier shall not be liable if he proves that he and his agents have taken all necessary measures to avoid the damage or that it was impossible for him or them to take such measures.” (49 US Stat 3019.)
In the case at hand, Mall informed its passengers of the mechanical problems with flight 508 and that said flight would, therefore, have to be canceled. Mall then provided plaintiff with an alternative means of reaching her destination by providing her with tickets on Delta flight 645 to Boston with a connecting flight on Piedmont flight 565 to Albany. Mall took "all necessary measures to avoid the damage” to plaintiff and should not be held accountable for the performance of other air carriers.
Plaintiff accepted Mali’s offer for alternative means of reaching her destination. Plaintiff could have obtained a refund of her ticket price from defendant pursuant to Mall’s contract of carriage. Mall Airways’ obligation to plaintiff was fulfilled upon its providing plaintiff with a means of reaching Albany, New York, and upon plaintiff’s acceptance of said alternative transportation.
Plaintiff’s damages were caused by the delay of a Delta Airlines flight. Delta Airlines was a successive air carrier as defined under article 1 (3) of the Warsaw Convention (49 US Stat 3015). The Warsaw Convention establishes the liability standards when successive carriers are involved, to wit:
*910 "each carrier who accepts passengers, baggage or goods shall be subject to the rules set out in this convention, and shall be deemed to be one of the contracting parties to the contract of transportation insofar as the contract deals with that part of the transportation which is performed under his supervision.
"(2) In the case of transportation of this nature, the passenger or his representative can take action only against the carrier who performed the transportation during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey.” (Warsaw Convention, art 30 [1], [2] [49 US Stat 3021].)
There is no evidence that Mall Airways entered into an express agreement with Delta assuming liability for any part of their air carriage. Consequently, Mall is effectively relieved from any liability caused by the delay of its successive carrier, Delta, pursuant to the provisions of article 30 of the Warsaw Convention (49 US Stat 3021).
Plaintiff relies on Lopez v Eastern Airlines (677 F Supp 181 [SD NY 1988]). In Lopez the plaintiff was bumped from a flight because of overbooking. The court awarded damages for breach of contract for "inconvenience, loss of time, anxiety and frustration” for a three-to-four-hour delay. (Supra, at 183.)
Lopez (supra) is distinguishable. It involved a flight from New Jersey to Florida which is not governed by the Warsaw Convention. It involved bumping of a passenger because of overbooking. It involved a subsequent flight by the same carrier. The instant case involves a delay caused by a successive carrier.
For all the reasons stated above, this court holds there was no breach of contract between the parties, and plaintiff is not entitled to damages.
However, there is a small matter of whether or not plaintiff is entitled to a refund for the unused portion of her ticket which was issued by Mall Airways on January 18, 1988. It is undisputed that plaintiff did not use the Boston to Albany portion and that no portion has been refunded to her.
Although no testimony was given on this point, I assume that if plaintiff had used that portion of the ticket, Mall Airways would have been required to reimburse the other airline. I further assume Mall Airways has not been required to do so.
*911 Furthermore, there was no testimony as to the amount Mall Airways would have been required to reimburse the other airline. Thus, I will assume that it would have been one half of the price of the ticket, which is $105.47. Plaintiff is entitled to reimbursement in the amount of $52.74 in order to do substantial justice between the parties. Otherwise, the claim is dismissed without costs to either party.