Herbert Shapiro, J.
The plaintiff, an emigre from the Soviet Union, shipped his household goods and furniture through the defendant, Aeroflot, from Moscow to New York. The entire shipment consisted of 11 cases. The goods were delivered to defendant, Aeroflot, on August 27, 1971 and an airway bill issued to the plaintiff. Four of the cases were ultimately received by the plaintiff in New York, it being claimed, however, that the contents thereof were damaged. The other seven cases were never received by plaintiff. The plaintiff now sues to recover for the damage to the cases received and the loss of the other cases.
The defendant Aeroflot (subsequently joined by defendant Pan American World Airways) moves for summary judgment pursuant to CPLR 3211 (subd [a]) and CPLR 3212, seeking to dismiss the complaint on the grounds that (1) plaintiff failed to present a timely notice of claim and (2) plaintiff has failed to commence this action within the two-year time limitation contained in the Warsaw Convention and the applicable tariffs.
*149 The moving defendants first contend that the plaintiff is barred from a recovery because he failed to timely file a notice of claim with Aeroflot.
The requirements covering the filing of a notice of claim are to be found in article 26 of the Warsaw Convention (49 US Stat 3014, 3020) and rule 17 of the tariffs filed by Aeroflot with the Civil Aeronautics Board (CAB).
Subdivision (2) of article 26 of the Warsaw Convention provides, inter alia, that in the event of damage to a shipment, complaint must be made to the carrier no later than "3 days from the date of receipt in the case of baggage and 7 days from the date of receipt in the case of goods. In case of delay the complaint must be made at the latest within 14 days from the date on which the baggage or goods have been placed at his disposal.” It is further provided in subdivision (3) of the article that complaints "must be made in writing.” In the event no such complaint is made, "no action shall lie against the carrier” except in case of fraud.
The documents reveal that the portion of the shipment received by plaintiff was received on October 3, 1971. There is nothing submitted by plaintiff to show that any "complaint” or claim, in writing, was ever made, subsequent to that date, either to Aeroflot or Pan American within the time periods set forth in article 26 of the Warsaw Convention. Thus the claim for the damaged goods must be dismissed.
With respect to the portion of the shipment allegedly "lost”, defendants urge dismissal based on both article 26 herein-above referred to and rule 17 of the tariffs filed by Aeroflot with the CAB. Defendants argue that the loss of a portion of a shipment constitutes "damage” within the meaning of subdivision (2) of article 26 and thus the notice provisions of that article control. I cannot agree. Damage is damage and loss is loss.
Defendants also contend that even if subdivision (2) of article 26 is inapplicable, rule 17 of the Aeroflot tariff controls and precludes recovery. Rule 17 of the tariff provides as follows: "(b) No action shall be maintained in the case of damage to or partial loss of the shipment unless a written notice, sufficiently describing the shipment concerned, the approximate date of the damage, and the details of the claim, is presented to an office of carrier within seven (7) days from the date of receipt thereof, in the case of delay unless presented within fourteen (14) days from the date the shipment is *150 placed at the disposal of the person entitled to delivery of the shipment, and in the case of loss (including nondelivery) unless presented within 120 days from the date of issue of the airway bill”.
Thus, at most, the plaintiff had 120 days from August 27, 1971, within which to file a written notice of claim concerning the lost portion of the shipment. In this regard it is undisputed that no such notice was served directly upon Aeroflot within that period.
It is contended, however, that notice was served upon the defendant Pan American World Airways, as agent of Aeroflot. Assuming, arguendo, that such was the case and that the agency relationship was such as to make service upon Pan American service upon Aeroflot, I find nothing in the papers to indicate that a written claim was timely filed with Pan American, i.e., within 120 days after August 27, 1971. To the contrary, the documents before the court indicate that it was not.
In any event, even were I to conclude that there was a timely notice of claim to Aeroflot, the action would fail because it was not commenced within the two-year period of limitations contained in article 29 of the Warsaw Convention (49 US Stat 3014, 3021). That section provides as follows:
"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.
"(2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.”
When does the two-year period of limitations commence running? The categories set forth in subdivision (1) of article 29 are not germane since there are no facts presented which would fit this case into one of the three categories. However, subdivision (2) does provide that the law of the forum shall determine the calculation of the period of limitation.
CPLR 203 provides that the period of limitation generally "shall be computed from the time the cause of action accrued to the time the claim is interposed.” When did this cause of action relating to the "loss” accrue? The answer is to be found in subdivision (3) of article 13 of the Warsaw Convention (49 *151 US Stat 3014, 3018), which provides as follows: "If the carrier admits the loss of the goods, or if the goods have not arrived at the expiration of seven days after the date on which they ought to have arrived, the consignee shall be entitled to put into force against the carrier the rights which flow from the contract of transportation.”
The portion of the shipment received by plaintiff arrived on or about October 3, 1971. In the normal course of events, and in the circumstances of this case, the entire shipment would be expected to arrive simultaneously. In any event the balance of the shipment "ought to have arrived” within a reasonable time thereafter. I find that December 11, 1971, was well beyond such reasonable time plus seven days.. Therefore it follows that the cause of action accrued and the plaintiff could have commenced this action well before December 18, 1971. That being so, the commencement of this action on December 18, 1973 was beyond the period of limitations and must be dismissed.
In the light of the foregoing, the plaintiff’s request for interrogatories is denied. The information sought to be elicited would not affect the conclusion that the action is time-barred.