OPINION OF THE COURT
Bentley Kassal, J.
FACTS
The facts are not in dispute. Plaintiff, a Syrian national, is the owner of a unique musical instrument and on June 24, 1976, her brother and sister delivered it to the defendant, Pakistan International Airlines (PIA), at the airport in Damascus. PIA issued an air waybill in English agreeing to transport the instrument to Washington, D.C., via JFK International Airport (JFK). Upon its arrival at JFK on July 24, 1976, defendant Pinto Trucking Company (Pinto), engaged by *214 PIA, delivered it to Dulles Airport, where it was consigned to a warehouse for storage. Some months later, plaintiff discovered the instrument had suffered extensive water damage after it was delivered to PIA in Damascus. Proper written notice, as required by the Warsaw Convention, was not given.
DECISION
The shipment — from Syria to Dulles Airport — was clearly an international air carriage, governed by the provisions of the Warsaw Convention (49 US Stat 3014) and plaintiff admittedly failed to file a written notice of claim within the time limit imposed by article 26 of the Warsaw Convention (49 US Stat 3020). Plaintiff argues that she was not obligated to comply with this notice provision because the carrier did not advise her of the notice of claim requirement in a language which she speaks or understands, citing Lisi v Alitalia-Linee Aeree Italiane (370 F2d 508, affd by an equally divided court 390 US 455, reh den 391 US 929), and similar cases, involving the required notice for the monetary limitations on damages recoverable, imposed under article 22 of the Warsaw Convention (49 US Stat 3019).
Significantly, the Lisi line of cases has been clearly restricted to notice of monetary limitation. However, a number of cases hold to the contrary that no such notice is required to permit a carrier to assert the short notice of claim provision. (See, generally, Butler’s Shoe Corp. v Pan Amer. World Airways, 514 F2d 1283; People ex rel. Compagnie Nationale Air France v Giliberto, 74 Ill 2d 90, cert den 441 US 932; Robert v Pan Amer. World Airways, 71 Misc 2d 991; Molitch v Irish Int. Airlines, 436 F2d 42; North Amer. Philips Corp. v Emery Air Frgt. Corp., 432 F Supp 519, affd 579 F2d 229; but see Sofranski v KLM Royal Dutch Airlines, 68 Misc 2d 402.)
The timely notice provision is equally applicable to the defendant, Pinto, not a stranger to the contract of carriage, but a part of the agreed routing from Syria to Washington, D.C. (Egan v Kollsman Instrument Corp., 21 NY2d 160, cert den sub nom. American Airlines v Egan, 390 US 1039).
While the realities of modern air carriage and the developing recognition of consumer rights may warrant a modification of these notice provisions, such a change should properly be made by further international understandings or treaties or by regulatory bodies, like the Civil Aeronautics Board.
*215 There is indeed a valid distinction in law and basic policy between a limitation of liability provision (which provides a real choice to the shipper as to the election of increased limits) and a notice requirement. Although there is a strong temptation to impose the ever changing and enlightened consumer law approach in this and similar jurisdictions to all contracts, restraint must be in fact exercised by national courts, throughout the world so that they only impose their domestic views in the most critical situations. (Reed v Wiser, 555 F2d 1079, 1093, cert den 434 US 922.)
Accordingly, the motion and cross motion by the defendants, Pakistan International Airlines and Pinto Trucking Co., to dismiss the complaint are granted and the plaintiff’s cross motion for summary judgment is denied.