E. SÁNCHEZ BETANCOURT, H/N/C R & F TELEVISION, demandante y recurrente, *v.* EASTERN AIR LINES, INC., demandada y recurrida.

*Número:* R-83-67       *Resuelto:* 21 de octubre de 1983

*Elí B. Arroyo*, abogado del recurrente; *Francisco Ponsa Flores*, abogado de la recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Enrique Sánchez Betancourt, recurrente, contrató con Eastern Air Lines, Inc. la transportación de cierto equipo de televisión a Santo Domingo, República Dominicana. El recurrente alegó en su demanda que advirtió a Eastern que el equipo debía arribar a su destino al día siguiente para ser utilizado en una transmisión.

Al ir a recoger la carga, el consignatario advirtió que faltaba equipo esencial. El demandante recurrente no pudo recobrarlo hasta un día después del momento que lo nece-

sitaba. Demandó a Eastern por pérdida de ingresos, daños a su reputación profesional, gastos de transportación y otros relacionados. En su contestación a la demanda, Eastern alegó que:

> Cualquier responsabilidad que pueda tener la codemandada Eastern Air Lines, Inc. en este caso estaría sujeta a todos los límites, términos, exclusiones, y otras cláusulas y condiciones de la tarifa de Eastern Air Lines, Inc. aprobada por la Junta de Aeronáutica Civil, y del Tratado de Varsovia ("Warsaw Convention").

Poco después Eastern solicitó la desestimación de la demanda por razón de que los daños reclamados son daños consecuentes, no recobrables bajo las disposiciones del Art. 22(j) de la tarifa aprobada por la Junta de Aeronáutica Civil. El tribunal de instancia acogió el planteamiento y desestimó la demanda. El señor Sánchez Betancourt recurrió a este foro. Acordamos revisar.

El señor Sánchez Betancourt plantea, entre otros señalamientos, que el Convenio de Varsovia, sobre el que nos expresamos en *Canales* v. *Pan American*, 112 D.P.R. 329 (1982), establece en su Art. 19 la responsabilidad del porteador aéreo "del daño resultante de un retraso en el transporte aéreo". Argumenta, además, que la tarifa de Eastern, aprobada por la Junta de Aeronáutica Civil, es nula por intentar limitar la responsabilidad que el tratado reconoce.

No es necesario precisar en este caso la relación entre el Tratado de Varsovia, 49 Stat. 3000 *et seq.*, TS 876, 49 U.S.C.A. 1502 *et seq.*, y el Art. 22(j) de la tarifa de la Eastern, cuestión sobre la que existe conflicto entre las autoridades. A favor de la nulidad de la tarifa, véase: *Saiyed* v. *Transmediterranean Airways*, 509 F.Supp. 1167 (1981); *Boehringer Mannheim Diagnostics* v. *Pan Am., etc.*, 531 F.Supp. 344 (1981); *McMurry* v. *Capitol Intern. Airways*, 424 N.Y.S.2d 88 (1980). Contra: *Mertens* v. *Flying Tiger Line, Inc.*, 341 F.2d 851 (2nd Cir. 1965), *cert.* denegado 382 U.S. 816.

■ Existe otro fundamento, de orden previo, distinto al utilizado en la sentencia, que apoya la desestimación de la demanda. El Art. 26 del Tratado de Varsovia dispone, en parte, en su versión oficial inglesa:

(2) In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and at the latest, within 3 days from the date of receipt in the case of baggage and 7 days from the date of receipt in the case of goods. *In case of delay the complaint must be made at the latest within 14 days from the date on which the baggage of goods have been placed at his disposal.*

(3) *Every complaint must be made in writing* upon the document of transportation or by separate notice in writing *dispatched within the times aforesaid.*

(4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save, in the case of fraud on his part. (Énfasis nuestro.)

Según consta de documentos presentados por la parte recurrida ante este Tribunal el recurrente no formuló a Eastern la notificación escrita que requiere el Tratado de Varsovia dentro de los catorce días que el convenio exige en casos de tardanza. El recurrente no cuestiona este hecho, pero plantea que la línea aérea renunció a esa defensa y que, además, se basa en documentos que no forman parte de los autos del tribunal de instancia.

En su contestación enmendada a la demanda, como hemos visto, Eastern formuló como defensa afirmativa que la responsabilidad que pudiese tener estaba sujeta a todas las cláusulas y condiciones del Tratado de Varsovia, fuera de las de la tarifa. En su moción de desestimación Eastern se basó exclusivamente en el Art. 22(j) de la tarifa aprobada por la Junta de Aeronáutica Civil. ¿Significa esto que Eastern renunció a toda posible defensa bajo el Tratado de Varsovia?

■ En *Santiago Cruz* v. *Hernández Andino,* 91 D.P.R. 709, 712 (1965), expresamos que la norma general de que en apelación no resolveremos cuestiones no planteadas en pri-

mera instancia no es un dogma inquebrantable, que "la arcaica teoría de que un apelante nunca puede variar en apelación su teoría del caso . . . sólo constituye un ritualismo incompatible con la exigencia de fallar los casos en sus méritos". Véanse: *Piovanetti* v. *Vivaldi*, 80 D.P.R. 108, 122 (1957); *Morales Mejías* v. *Met. Pack. & Ware. Co.*, 86 D.P.R. 3 (1962); *Dávila* v. *Valdejully*, 84 D.P.R. 101, 104 (1961); *Coll* v. *Picó*, 82 D.P.R. 27, 38 (1960); Note, *Raising New Issues on Appeal*, 64 Harv. L. Rev. 652 (1951).

■ La Regla 43.6 de Procedimiento Civil, equivalente a la 54(c) federal, expresa que:

> Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones. . . .

Tal regla no anula, por supuesto, las disposiciones de la 10.8, mas atiende el principio de hacer justicia a la luz de los hechos de cada caso y el derecho aplicable, aun cuando la teoría jurídica que se haya escogido esté equivocada.

■ En innumerables casos hemos sostenido que la revisión se da contra la sentencia y no sus fundamentos. *Collado* v. *E.L.A.*, 98 D.P.R. 111, 114 (1969); *Rodríguez* v. *Serra*, 90 D.P.R. 776, 777 (1964). Si la sentencia es correcta, procede su confirmación aunque su razonamiento sea erróneo. *Corrada* v. *Asamblea Municipal*, 79 D.P.R. 365, 370 (1956).

Cada caso deberá examinarse a la luz de los objetivos que persiguen las Reglas de Procedimiento Civil concernidas. El pleito de autos no presenta una verdadera situación de renuncia de defensas. Las cláusulas del Convenio de Varsovia fueron objeto de una defensa afirmativa específica. Lo que ha sucedido aquí es que la demandada fundó su moción de desestimación, y el tribunal de instancia su sentencia, sobre otra base: la tarifa aprobada por la Junta de Aeronáutica Civil. De haberse rechazado la moción, difícilmente podría impedirse que la demandada presentase prueba

fundada sobre sus otras defensas reclamadas. La devolución del caso a instancia en las circunstancias de autos sería un acto inútil. El recurrente no argumenta que los hechos traídos a la consideración de este Tribunal son inciertos. Lo que plantea, en esencia, es que por haberse valido la recurrida de otra teoría en su moción de desestimación, no puede apoyarse ahora en las disposiciones del Tratado de Varsovia. El argumento es inaceptable. La economía procesal y el mandato de la Regla 43.6 de Procedimiento Civil exigen que consideremos el planteamiento de la recurrida sobre el Tratado de Varsovia. Después de todo, el argumento que el propio recurrente esgrime contra la sentencia —que la tarifa es nula por contravenir el Tratado— se efectúa por primera vez ante este foro. Es lícito considerar, en consecuencia, el efecto del incumplimiento por el recurrente con las disposiciones del Art. 26 del Tratado de Varsovia.

■ Sobre este particular sólo importa decir que los tribunales han requerido uniformemente el más estricto cumplimiento con los términos de notificación del Art. 26. *Hughes-Gibb & Co., Ltd.* v. *Flying Tiger Line, Inc.*, 504 F.Supp. 1239 (1981); *Talei* v. *Pan American World Airways*, 183 Cal. Rptr. 532 (1982); *Abdul-Haq* v. *Pakistan Intern. Airlines*, 420 N.Y.S.2d 848 (1979); *Schwimmer* v. *Air France*, 384 N.Y.S.2d 658 (1976); *Kumar* v. *British Airways*, 15 Avi. 17,386 (1978).

Por las razones expuestas *se confirmará la sentencia recurrida.*