Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se recurre de una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual se le ordenó a la parte peticionaria el Departamento de Educación, que realizara una vista administrativa donde la parte recurrida Ana Martínez Conde tenga la oportunidad de presentar la prueba que tiene sobre una querella de alegada persecución y hostigamiento, por parte del señor Heriberto López Morales, Director Asociado de la escuela en que ella labora.
*1357 Inconforme con tal dictamen el Departamento de Educación instó el presente recurso de certiorari donde alega que el tribunal de instancia incidió al determinar que la Junta de Apelaciones del Sistema de Educación Pública (JASEP) tiene jurisdicción para intervenir en una controversia ajena a las dispuestas por la Ley Núm. 78 de 28 de agosto de 1991, y ordenar que se celebre una vista evidenciaría.
Evaluada la petición y la oposición presentada por la parte recurrida, procedemos a denegar el expedir el auto de certiorari solicitado por los siguientes fundamentos.
I
Los hechos en el presente caso son los siguientes. Para el día 9 de diciembre de 1991 la recurrida presentó una querella administrativa ante la División de Quejas y Querellas del Departamento de Educación, en la que alegaba que sus derechos personales y profesionales habían sido violados por parte del señor Heriberto López, Director Asociado de la Escuela Ramón Baldorioty de Castro del Municipio de Salinas, lugar donde ella trabajaba. (Ap. III, págs. 8 a 54.)
El día 3 de diciembre de 1993 el Secretario del Departamento de Educación archivó la querella presentada luego de haber realizado una investigación y de haberse rendido un informe. (Ap. IV, pág. 61.) La aquí recurrida inconforme con tal dictamen acudió en apelación a JASEP.
Luego de varios trámites a nivel administrativo el día 6 de junio de 1994 se llevó a cabo una conferencia entre las partes donde JASEP emitió una resolución con fecha del 1ro. de septiembre de 1994, en la cual determinó que no tenía jurisdicción para considerar la apelación presentada. Para dicha conferencia compareció la recurrida y alegadamente se allanó al planteamiento de que JASEP no tenía jurisdicción por no ser una controversia de violación al principio de mérito. (Ap. III, págs. 20-21.) En su oposición al recurso, la parte recurrida alega que ella no se allanó a que se desestimara el recurso por falta de jurisdicción y que su alegación fue, que independientemente de que la querella se fundamentara o no en el principio de mérito, JASEP tenía jurisdicción según los alcances de la Ley Núm. 78. (Alegato en Oposición, pág. 2.)
El tribunal de instancia acogió el recurso de revisión y mediante Sentencia emitida el 20 de septiembre de 1995, resolvió que JASEP tiene jurisdicción en la querella a virtud de la Ley Núm. 78 aunque la querella presentada no plantea una controversia sobre principio de méritos y ordenó que celebrara una vista donde la recurrida tuviera la oportunidad de presentar su prueba y fundamentar sus alegaciones.
II
Una vez determinado el trámite del presente caso analicemos el derecho aplicable, no sin antes señalar que una apelación o revisión se da contra la sentencia emitida y no contra los fundamentos que se exponen en la misma. Vélez Rodríguez v. Amáro Caro, opinión de 10 de abril de 1995, 95 J.T.S. 38, pág. 759; Zorniak v. Cessna, opinión de 10 de diciembre de 1992, 92 J.T.S. 167, pág. 10185.
La Exposición de Motivos de la Ley Núm. 78 dispone que las enmiendas que se aprueban a dicho ordenamiento van dirigidas a que JASEP se constituya en el foro apelativo administrativo sobre las controversias del personal docente y clasificado del Departamento de Educación. Es la intención del legislador que JASEP tenga jurisdicción para adjudicar en primera instancia las querellas relacionadas con las controversias de personal docente en las áreas esenciales del principio de mérito, "[a]ntes de acudir a los tribunales de ser esto necesario".
Es norma de hermenéutica legal que una ley debe interpretarse tomando en consideración los fines que persiguen y la política pública que la inspiran. Alvarez Figueredo v. González Lamela, opinión de 14 de julio de 1995, 95 J.T.S. 107, pág. 1107; Vázquez v. ARPE, opinión de 13 de junio de 1991, 91 J.T.S. 53, pág. 8657. Cuando se analiza una disposición legal, su interpretación debe ser cónsona con los propósitos del legislador y debe de atribuírsele el sentido que mejor responda a la realización del resultado que persigue de manera sensata, lógica y razonable que haga valer su razón de ser. Gobernador de Puerto Rico v. Alcalde de Coamo, opinión de 21 de septiembre de 1992, 92 J.T.S. 125, pág. 9951, Torres v. Castillo Alicea, 111 D.P.R. 792, 801 (1981).
*1358 Las secciones de una ley deben ser interpretadas una con las otras de manera armónica y supliendo de esa forma las posibles deficiencias. González Pérez v. ELA, opinión de 26 de abril de 1995, 95 J.T.S. 52, pág. 842; Zambrana v. ELA, opinión de 30 de enero de 1992, 92 J.T.S. 12, pág. 9171.
Acorde a los pronunciamientos de derecho antes esbozados el Art. 7(c) de la Ley Núm. 78 dispone que JASEP tendrá jurisdicción apelativa para los casos en los que los maestros aleguen que una acción del Departamento de Educación viole sus derechos en las "[ájreas esenciales al principio de mérito conforme a las leyes y reglamentos aplicables del Departamento de Educación." 18 L.P.R.A. see. 274e-1(c). (Sup. 1995.)
El Art. 3(b) de la Ley Núm. 78 a su vez tipifica que los maestros tienen el deber de "[ojbservar normas de comportamiento correcto, cortés y respetuoso en sus relaciones con su supervisor, compañeros de trabajo y ciudadanos." (Enfasis suplido.) 18 L.P.R.A. sec. 274-2(b) (Sup. 1995.) De otra parte, como bien señala la recurrida el Art. 2 de la referida ley dispone que el Secretario de Educación podrá imponerle medidas correctivas cuando la conducta de un maestro o empleado del sistema viole las normas establecidas por la ley o reglamento, incluyendo desde la suspensión de empleo hasta la destitución, previa la formulación de cargos por escrito y vista informal. 18 L.P.R.A. sec. 274-1. (Sup. 1995.) A su vez el Art. 1(g), dispone que el Secretario de Educación podrá cancelar el certificado de cualquier maestro o suspenderlo por "[cjonducta desordenada, incorrecta o lesiva al buen nombre del sistema de educación de Puerto Rico." 18 L.P.R.A. see. 274 (Sup. 1995).
Estas medidas y sus definiciones están relacionadas con las áreas esenciales al principio de mérito, puesto que las mismas inciden con la permanencia de un maestro en su posición, ascensos dentro del sistema, aumentos de sueldo, bonificaciones y medidas correctivas que se impongan, lo cual presupone que los mejores y más competentes servidores públicos ocupen las posiciones en el magisterio en nuestro 0país. Cf. Hermina González v. Secretario del Trabajo, 107 D.P.R. 667, 672 (1978). 
III
Conforme las disposiciones antes mencionadas analicemos la presente controversia.
De las circunstancias alegadas en la querella presentada por la parte recurrida sobre persecución, hostigamiento y violación a sus derechos personales y profesionales por parte del Director Asociado de su escuela y sin que se adjudique la validez de las mismas, concluimos que conforme a la Ley Núm. 78, las mismas están relacionadas con áreas esenciales al principio de mérito según antes mencionamos y JASEP tiene jurisdicción apelativa para considerarlas. Debemos particularizar que aunque la parte recurrida en su escrito ante nos, acepta que sus alegaciones no se basan en el principio de mérito, estas circunstancias no desvirtúan que al momento de hacer justicia, el caso se adjudique conforme al derecho aplicable "[ajun cuando la teoría jurídica que se haya escogido esté equivocada." Sánchez v. Eastern Air Lines Inc., 114 D.P.R. 691, 695 (1983); Regla 46.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
El interpretar de manera limitada estas disposiciones de ley como nos sugiere el peticionario, menoscaba la intención legislativa de conceder un foro apelativo administrativo con adecuado peritaje en la materia, para revisar las decisiones emitidas por el Departamento de Educación, antes de acudir al foro judicial, lo cual trastocaría el principio de armonía y lógica que debe hacerse al interpretarse un estatuto. Gobernador de P. R. v. Alcalde de Coamo, supra, pág. 9951. Todo ello en perjuicio que "[ejl fin principal de la interpretación estatutaria es hacer que prevalezca el propósito legislativo y evitar interpretaciones que conduzcan a resultados irrazonables". Aulet Lebrón v. D.S.S., opinión de 28 de junio de 1991, 91 J.T.S. 73, pág. 8893.
IV
En cuanto al argumento de la parte peticionaria de que el Departamento de Educación es uno de los organismos más complejos de nuestro gobierno y que de concederle una vista adjudicativa a personas afectadas en esta clase de controversia provocaría una situación onerosa, debemos consignar que las garantías constitucionales del debido proceso de ley no ceden ante criterios de naturaleza económica, por ser éstos de alta jerarquía y parte fundamental de nuestro sistema de gobierno. Marrero Caratini v. Rodríguez, opinión de 18 de abril de 1995, 95 J.T.S. 44, pág. 773.
*1359 Además, cuando una agencia de gobierno con funciones cuasijudiciales concede una vista para la adjudicación de una controversia ante su consideración, evita el riesgo de emitir un dictamen erróneo al concederle a las partes la oportunidad de presentar sus posiciones. Díaz Martínez v. Policía de Puerto Rico, opinión de 22 de junio de 1993, 93 J.T.S. 122, pág. 11047.
y
Por los anteriores fundamentos y tomando en consideración como antes señalamos que la revisión se da contra la determinación del tribunal de instancia y no contra sus fundamentos, concluimos que JASEP tiene jurisdicción en la querella por ser sobre áreas relacionadas con el principio de mérito, por lo cual el tribunal de instancia no incidió al ordenar la celebración de una vista evidenciada donde la ; recurrida pueda presentar la prueba que tiene sobre sus alegaciones.
Se deniega expedir el auto de certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz j Secretaria General j
ESCOLIO 96 DTA 11
1. Sobre este particular véase, Parte III, Art. 9 del Reglamento de Personal Docente del Departamento de j Instrucción Pública de 1983, Ratificado el 21 de marzo de 1984, según enmendado el 17 de junio de 1988, que dispone sobre áreas esenciales al principio de mérito para el personal docente. Sobre el principio de mérito y el ! alto interés público de retener a los mejores funcionarios en todo el servicio público como norma rectora, véase, ; Reyes Coreano v. Director Ejecutivo, 110 D.P.R. 40, 48 (1980); McCrillis v. Autoridad de las Navieras, 123 D.P.R. 113, 132 (1989), Ley Núm. 5 de 14 de octubre de 1975, conocida como Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. see. 1301 y ss.