EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
|---|---|
| Recurrido | |
| v. | 2024 TSPR 78 |
| Jesús Ricardo Ubri Custodio | 214 DPR ___ |
| Peticionario | |

Número del Caso:  CC-2024-0384


Fecha:  12 de julio de 2024


Tribunal de Apelaciones:

　　Panel II



Representante legal de la parte peticionaria
Sociedad para Asistencia Legal:

　　Lcdo. Elmer Rodríguez Berríos



Materia: Resolución del Tribunal con Voto particular disidente.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.               **CC-2024-0384**      Certiorari

Jesús Ricardo Ubri Custodio

    Peticionario

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Examinadas la *Moción urgente solicitando paralización de procedimientos en auxilio de la jurisdicción de este honorable Tribunal* y la *Petición de Certiorari* presentadas en el caso de epígrafe, por estar igualmente dividido este Tribunal se provee no ha lugar a ambas.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme con proveer no ha lugar a ambas solicitudes y enunció la siguiente expresión, a la cual se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón:

> Tras examinar la *Moción urgente solicitando paralización de procedimientos en auxilio de la jurisdicción de este honorable tribunal* y *Petición de Certiorari* presentadas por el Sr. Jesús Ricardo Ubri Custodio, estoy de acuerdo con proveer no ha lugar a ambas solicitudes.

En primer lugar, debemos recordar que "el corolario básico del Derecho apelativo es que la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos". Pueblo v. Pérez, 159 DPR 554, 566 (2003). Véase, Asoc. Pesc. Pta. Figueras v. Pto. del Rey, 155 DPR 906 (2001); Pérez Vda. Muñiz v. Criado, 151 DPR 355 (2000). De esta manera, aunque algunos de los fundamentos de una decisión recurrida sean erróneos, ello no constituye base para una revocación si por otros motivos puede sostenerse lo dispuesto en la sentencia. Pueblo v. Pérez, supra, pág. 566; Sánchez v. Eastern Air Lines, Inc., 114 DPR 691, 695 (1983). Incluso, la revisión de órdenes o resoluciones interlocutorias se da contra la decisión emitida y no contra sus fundamentos. Pueblo v. Pérez, supra, pág. 566; Ramos v. Hosp. Sub-Regional de Aguadilla, 111 DPR 744, 750 (1981).

En segundo lugar, debemos tener en cuenta que un remedio en auxilio de nuestra jurisdicción es excepcional para casos o situaciones con el nivel de importancia adecuado. García López y otros y. E.L.A., 185 DPR 371, 377-378 (2012). Cuando se soliciten medidas de paralización debemos considerar que: (1) el peticionario presente un caso fuerte de probabilidad de prevalecer en los méritos; (2) demuestre que sin la paralización sufrirá un daño irreparable; (3) no se causará daño sustancial a las demás partes interesadas, y (4) la suspensión no perjudica el interés público. Pantoja Oquendo v. Mun. de San Juan, 182 DPR 101 (2011); Plaza Las Américas v. N & H, 166 DPR 631, 642-643 (2005).

En el caso ante nos, y a la luz de los requisitos antes mencionados, no me parece que el Sr. Jesús Ricardo Ubri Custodio acreditó razones que justifiquen conceder el remedio solicitado. La testigo, Srta. Leosnanyeliz Lara Dullard, expresó que pudo observar al peticionario a dos pies de distancia, que lo conocía previamente, y lo vio disparar. El peticionario no nos alega por qué se debe suprimir la identificación de su persona que realizó la testigo Lara Dullard. La realidad es que su escrito se centró en que los foros inferiores erraron al declarar no ha lugar a

la *Moción de supresión de identificación* bajo el fundamento de que este asunto ya fue adjudicado y es cosa juzgada. Empero, "[l]os recursos se formulan contra el fallo, contra la parte dispositiva y no contra la opinión que pueda emitir el tribunal y sus conclusiones. Lo que agravia es la parte dispositiva, o sea, el fallo, el cual es el objeto del recurso." R. Hernández Colón, *Práctica jurídica de Puerto Rico*, San Juan, Ed. Michie, 1997, pág. 317. Aquí el peticionario formuló su recurso contra el fundamento del tribunal, no contra su fallo.

Por todo lo anterior, no me parece que este caso represente un panorama adecuado para adentrarnos a examinar la doctrina de cosa juzgada (o más bien, doctrina de la ley del caso) frente a una moción de supresión de identificación presentada en un nuevo juicio al amparo de la Regla 144 de Procedimiento Criminal, 34 LPRA Ap. II. Según estimo, ordenar la paralización del caso en estos momentos solo retrasaría innecesariamente la celebración del juicio en contra del peticionario. Sobre todo, el peticionario fue incapaz de demostrarnos que su solicitud de supresión presenta una alta probabilidad de prevalecer en los méritos.

El Juez Asociado señor Kolthoff Caraballo emitió un Voto particular disidente. La Jueza Presidenta Oronoz Rodríguez disiente e hizo constar la siguiente expresión, a la cual se unió el Juez Asociado señor Colón Pérez:

"Por estar igualmente divido este Tribunal, no se expide la petición de *certiorari* que presentó el Sr. Jesús Ricardo Ubri Custodio. Prevalece la determinación del Tribunal de Apelaciones que, errónea a su vez, avaló el proceder del foro primario en el caso ante nos. Así, se le niega la oportunidad al señor Ricardo Ubri Custodio de que se consideren los méritos de su moción de supresión de evidencia sobre un elemento tan esencial como lo es la identificación de la parte acusada, bajo el fundamento de que la controversia constituye cosa juzgada. Ello, debido a que el señor Ubri Custodio previamente presentó una solicitud similar en un procedimiento criminal anterior en su contra sobre los mismos hechos que culminó con la disolución del jurado.

Un nuevo juicio es un segundo proceso donde todas las controversias se consideran *de novo*. Esto significa que el juzgador no está atado a ninguna determinación que se hizo en el juicio original. Por ello, es un error invocar la norma de cosa juzgada para despachar la solicitud de supresión de evidencia que presentó el señor Ubri Custodio. Más aún cuando dicha determinación no fue objeto de revisión por este Tribunal.

Este caso nos brindaba la oportunidad de corregir un error craso que cometieron los tribunales inferiores y de pautar una norma sobre una controversia novel. Por esto, disiento de la Resolución que emitió este Tribunal, producto del empate en la votación, en la cual no se expidió el recurso que presentó el señor Ubri Custodio."

El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión disidente:

"El Juez Asociado señor Estrella Martínez disiente del resultado de la votación de este Tribunal. Por consiguiente, hace constar que hubiera provisto *ha lugar* a la *Moción urgente solicitando paralización de procedimientos en auxilio de la jurisdicción de este honorable tribunal* presentada por el Sr. Jesús R. Ubri Custodio y expedido el recurso de *certiorari* solicitado para intervenir con las determinaciones erróneas de los foros recurridos."

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                CC-2024-0384    Certiorari

Jesús Ricardo Ubri Custodio

    Peticionario

Voto particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico a 12 de julio de 2024.

En este caso me he visto persuadido a disentir porque respetuosamente entiendo que con su acción este Tribunal desaprovecha la oportunidad de determinar el alcance de la doctrina de cosa juzgada, en su acepción de impedimento colateral por sentencia, ante el escenario de un nuevo juicio posterior a la disolución del Jurado. Así, lamentablemente el Tribunal optó por dejar intactas ciertas determinaciones de los distinguidos *foros a quo* que entiendo erradas. Por los fundamentos que expongo a continuación, hubiese expedido la petición de *Certiorari*. Veamos.

I

El 8 de marzo de 2023, el Ministerio Público presentó varias denuncias contra el señor Ubri Custodio por infracciones a los artículos 93 (D) del Código Penal de 2012, Art. 6.05, 6.14 (A), 6.20 de la Ley Núm. 168. Tras varios incidentes procesales, el 12 de octubre de 2023, comenzó el juicio con la juramentación y selección del Jurado y se llevó a cabo desde el 18 de octubre de 2023, hasta el 6 de marzo de 2024.

En lo pertinente, el 29 de febrero de 2024, durante la celebración del juicio, el Peticionario presentó verbalmente una *Moción de supresión de identificación*. Posteriormente, el 5 de marzo de 2024, el tribunal declaró "No Ha Lugar" la moción presentada por el señor Ubri Custodio. En suma, concluyó que la testigo principal manifestó que conocía a la persona desde los siete años y lo había visto en innumerables ocasiones en el Residencial Rafael López Sicardó y el día de los hechos tuvo la oportunidad de verlo por unos segundos e identificarlo. Razón por la cual entendió que la identificación no fue de carácter sugestivo.

Finalmente, el 6 de marzo de 2024, el caso quedó sometido y el Jurado se retiró a deliberar. Sin embargo, debido a que el Jurado no alcanzó la unanimidad del veredicto, a solicitud del Peticionario y con la anuencia del Ministerio Público, el Tribunal de Primera Instancia decretó la disolución del Jurado en virtud de la Regla 144 de Procedimiento Criminal, 34 LPRA Ap. II.

Ante este escenario, el tribunal señaló la celebración de un nuevo juicio por Jurado. El 10 de abril de 2024, durante la desinsaculación del Jurado en el nuevo juicio, el Peticionario presentó nuevamente una *Moción de supresión de identificación.* El 12 de abril de 2024, el tribunal declaró "No Ha Lugar" a la moción y **fundamentó su determinación en que ese asunto se había adjudicado en el juicio anterior, por lo que era cosa juzgada.**

Como corolario, el 3 de junio de 2024, el señor Ubri Custodio presentó una *Petición de Certiorari* y una *Moción solicitando paralización de los procedimientos* ante el Tribunal de Apelaciones. El 24 de junio de 2024, el foro apelativo intermedio declaró "No Ha Lugar" a ambos recursos. En síntesis, avaló al foro de primera instancia en cuanto a la validez de la doctrina de cosa juzgada. Añadió, que hubo una dilación en la presentación de la primera *Moción de supresión de identificación* por parte del Peticionario.

Inconforme con la determinación de los foros *a quo*, el señor Ubri Custodio solicitó nuestra intervención en el presente caso y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE APELACIONES AL CONFIRMAR AL TRIBUNAL DE PRIMERA INSTANCIA AL ÉSTE DECLARAR NO HA LUGAR LA MOCIÓN DE SUPRESIÓN DE IDENTIFICACIÓN Y DETERMINAR QUE ERA COSA JUZGADA, TODA VEZ, QUE YA HABÍA SIDO RESUELTA Y, POR LO TANTO, NO PUEDE SER PRESENTADA EN EL NUEVO JUICIO. TODO LO ANTERIOR EN UNA FLAGRANTE VIOLACIÓN AL DEBIDO PROCESO DE LEY.

## II

En nuestra jurisdicción, aquellas personas imputadas de un delito grave tienen derecho a que su juicio se ventile

ante un Jurado.[1] El veredicto de ese Jurado, tanto para declarar culpable al acusado como para absolverlo, debe ser unánime.[2] Ahora bien, en ocasiones, por distintas razones, ese veredicto no se alcanza. Al respecto, la Regla 144 de Procedimiento Criminal, *supra*, dispone que el tribunal podrá ordenar la disolución del Jurado antes del veredicto cuando, entre otras cosas: "[l]a deliberación se prolongare por un lapso que el tribunal estimare suficiente para concluir de una manera clara y evidente no haber posibilidad de que el Jurado pudiera llegar a un acuerdo". La regla añade que, en todos los casos en que el Jurado fuere disuelto según lo previsto en esta regla, la causa podrá ser juzgada nuevamente.

Nótese que, en el presente caso, el problema no está en que la causa se pueda juzgar nuevamente ni en que se pueda celebrar un nuevo juicio. La controversia estriba en la siguiente interrogante: **¿Constituye cosa juzgada el que una persona acusada presente la misma moción de supresión de identificación en un nuevo juicio señalado al amparo de la Regla 144 de Procedimiento Criminal,** *supra*?

En *Pueblo v. Lugo*, 64 DPR 554, 557 (1945), expresamos que la doctrina de cosa juzgada no está limitada a casos civiles. Ahora bien, esta doctrina **"concurre en un caso criminal solamente cuando un delito diferente está envuelto en el segundo caso"**. (Negrillas Suplidas). Así, se puede

---

[1] *Pueblo v. Centeno*, 208 DPR 1, 10 (2021).

[2] *Ramos v. Louisiana*, 590 US 83 (2020); *Pueblo v. Torres Rivera*, 204 DPR 288 (2020).

recurrir a la cosa juzgada únicamente cuando está involucrado un delito diferente y no el mismo. Y es que, de ser el mismo delito, tal y como sugiere *Pueblo v. Lugo*, la persona acusada se enfrentaría a una posible violación a su protección constitucional contra la doble exposición.

Solo dos años después, en *Pueblo v. López*, 67 DPR 780 (1947), determinamos que, para que prospere la defensa de cosa juzgada, es requisito indispensable que la **sentencia anterior se haya dictado con jurisdicción**. Ello, debido a que una sentencia dictada sin jurisdicción no existe ante la ley. Por lo tanto, en ausencia de una sentencia anterior, no cabe hablar de cosa juzgada. **Nótese entonces que el elemento crucial al aplicar la doctrina de cosa juzgada es la existencia de una sentencia vinculante que se haya dictado con anterioridad.**

Por otra parte, en *Pueblo v. Ortiz Marrero*, 106 DPR 140 (1977), expresamos que en nuestro ordenamiento penal, y como una modalidad de la doctrina de cosa juzgada, también se reconoce la doctrina de impedimento colateral por sentencia. Esta doctrina surte efecto cuando "un hecho esencial para el pronunciamiento de una sentencia se dilucida y [se] determina mediante sentencia válida y final... Tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas".[3] Así, la adjudicación de un primer juicio por conducto de una

---

[3] *P.R. Wire Prodi. v. C. Crespo & Aso.*, 175 DPR 139 (2008), citando a *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981).

sentencia final y firme se debe considerar como un requisito obligatorio para utilizar la figura de impedimento colateral por sentencia.

En *Suárez v. ELA*, 162 DPR 43, 62 (2004), expresamos que **una sentencia es "final" cuando el tribunal ha resuelto todas las cuestiones planteadas**, y contra la cual cualquier parte podría interponer un recurso de apelación dentro del término dispuesto para ello en el ordenamiento procesal vigente. Además, una sentencia puede considerarse "final y firme" cuando no es posible interponer un recurso de apelación debido a que transcurrió el término para solicitar apelación, o por razón de que, presentado el recurso de apelación, el tribunal apelativo la confirmó y los términos de reconsideración ya transcurrieron, o por ambas.[4]

Por último, en lo atinente a la médula de la controversia, la Regla 234 de Procedimiento Criminal, *supra,* regula la supresión de evidencia por un allanamiento o registro ilegal, y señala que: "La moción se hará cinco días antes del juicio a menos que no hubiere oportunidad para ello o que al acusado no le constaren los fundamentos de la moción, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal". Sin embargo, esta regla también reconoce tres excepciones a la norma de que la moción se presente por lo menos cinco días antes del juicio, a saber: (1) que no hubiere oportunidad para presentarla, o (2) que le constaren los fundamentos de la moción, o (3) que la

---

[4] *A & P Gen. Contractors v. Asoc. Caná,* supra*,* en la pág. 62.

ilegalidad de la obtención de la prueba, es decir, su inadmisibilidad, surgiere de la prueba del fiscal.[5]

Obsérvese que la Regla 234 de Procedimiento Criminal, *supra,* no distingue entre el primer juicio y el segundo para propósitos de la presentación de la moción de supresión de evidencia. Tampoco podemos pasar por alto que un acusado puede presentar una moción de supresión de identificación durante el juicio si existe una de las excepciones que permite la Regla 234 de Procedimiento Criminal, *supra.*

**III**

En el caso de autos, los foros *a quo* determinaron que procedía declarar "No Ha Lugar" una moción de supresión de identificación, fundamentándose en la doctrina de cosa juzgada. No les asiste la razón.

Según expuesto anteriormente, el señor Ubri Custodio presentó la moción de supresión de identificación prácticamente al inicio de un nuevo juicio señalado al amparo de la Regla 144 de Procedimiento Criminal, *supra*. Ese nuevo juicio fue necesario debido a que el Jurado no logró alcanzar la unanimidad en cuanto a los cargos presentados en contra del Peticionario. Aunque la defensa del Sr. Ubri Custodio no logró alcanzar convencer al Jurado con la unanimidad necesaria para lograr su absolución, no debemos olvidar que es el Estado quien presentó la causa contra este, y a quien le correspondía probar más allá de duda razonable su culpabilidad. Siendo así, la disolución del Jurado ante la

---

[5] *Pueblo v. Rivera Surita*, 202 DPR 800 (2019).

falta de unanimidad no deja de ser un fracaso ante la prueba presentada por el ministerio fiscal. No puede ser entonces que el resultado de tal fracaso resulte, no solo en la segunda oportunidad que la Regla 144 de Procedimiento Criminal, *supra,* le concede al Ministerio Público, sino en una ventaja adicional al pretender que el acusado se le prive de la oportunidad de presentar nuevamente la solicitud de supresión de identificación en controversia.

De hecho, lo cierto es que, gracias a que el Jurado no pudo ponerse de acuerdo en ninguno de los veredictos, la Regla 144 de Procedimiento Criminal, *supra,* trata el asunto como si el juicio no hubiera ocurrido y le concede una nueva oportunidad al Ministerio Público para presentar nuevamente la misma causa. Esto, sin que el acusado pueda reclamar una violación a su garantía constitucional contra la doble exposición. **No puede ser entonces que el caso sea inexistente para un nuevo juicio, pero que lo ocurrido en el mismo sí pueda obrar en contra del acusado.**

Finalmente, e independientemente de lo anterior, es claro que en el caso de autos no hay cabida para hablar de cosa juzgada. Según la normativa aplicable, en el ámbito penal la doctrina de cosa juzgada será utilizada únicamente cuando se estén enjuiciando delitos distintos. Es posible argumentar que lo que sí podría aplicar es la doctrina de impedimento colateral por sentencia, que es una modalidad de la cosa juzgada. **Empero, tampoco es posible aplicar tal modalidad porque, como mencionáramos, no logró finalizarse el primer juicio. Debido a ello, a diferencia de lo requerido por la**

**normativa, no hubo tal hecho esencial que haya formado parte de una sentencia dictada final y firme, elemento imprescindible para que aplique la doctrina de impedimento colateral por <u>sentencia</u>.**

Expuesto lo anterior, coincido con el Peticionario en cuanto a que: "[e]l ordenamiento jurídico en Puerto Rico está huérfano y no abona mucho para aclarar las dudas. Nótese, que la experiencia de este escenario ha sido poco usual en Puerto Rico, toda vez que no se requería la unanimidad del Jurado. Pero las reglas del juego han cambiado. Por lo que este escenario podría ser más usual y este escenario, por consiguiente, repetirse con mayor frecuencia".

Consecuentemente, en aras de evitar un estado de confusión e incertidumbre entre los foros inferiores, entiendo que era meritorio que este tribunal interviniera en el presente caso en la etapa en que se encuentra.

### IV

Por los fundamentos expuestos, disiento respetuosamente del curso de acción avalado hoy por este Tribunal.

Erick V. Kolthoff Caraballo
Juez Asociado